RACHELLE SHIELDS WONG, WALTER SHIELDS, and LORRAINE SHIELDS, Plaintiffs-Appellants, *v.* CITY AND COUNTY OF HONOLULU, Defendant-Appellee, and GAIL M. BEDDOW, ALTEC CORPORATION, AMFAC, INC., a Hawaii corporation, ECONOLITE CORP., a Delaware corporation, Defendants

NO. 8675

(CIVIL NO. 49385)

MAY 23, 1983

LUM, C.J., NAKAMURA, PADGETT AND HAYASHI, JJ. AND CIRCUIT JUDGE KANBARA, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY LUM, C.J.

Plaintiffs-appellants in this tort action appeal from the trial court's order granting summary judgment in favor of defendant-appellee City and County of Honolulu (hereinafter referred to as the City). We reverse and remand for further proceedings consistent herewith.

I.

On September 14, 1974, at about 5:30 p.m., the traffic lights at the intersection of Waialae and Kilauea Avenues were malfunctioning. All lights at the intersection were stuck on red, except for the lights governing the mauka half of Waialae Avenue. Traffic was congested on Kilauea Avenue and the makai half of Waialae Avenue and some vehicles in those lanes were proceeding across the intersection against the red lights. Plaintiff Rachelle Shields and a companion had crossed the makai half of Waialae Avenue and were standing on a medial strip, when they first noticed the traffic light malfunction. They decided that their safest route would be to cross the mauka half of Waialae Avenue, where the traffic was lightest, instead of returning to the makai side of Waialae Avenue. After several minutes of waiting, Rachelle Shields and her companion attempted to cross the mauka lanes of Waialae Avenue. Mid-

way through the lanes, Rachelle Shields was struck by an ewa-bound vehicle driven by Gail Beddow, who did not realize that the traffic lights at the intersection were malfunctioning.

Rachelle Shields and her parents sued the City, among others, for damages arising from the accident. Plaintiffs' theory of liability against the City was based on plaintiffs' allegation that the City's negligent failure to properly maintain the traffic signal control box at the intersection of Waialae and Kilauea Avenue was the proximate cause of the accident.

On May 31, 1978, after informal requests by plaintiffs' attorney, plaintiffs filed and served on the City a formal written request for production of the traffic signal control box. Despite plaintiffs' request for production, a private contractor, under the supervision of City employees, subsequently removed and destroyed the traffic signal control box without plaintiffs' knowledge or consent.

On October 3, 1978, Judge Arthur S. K. Fong of the First Circuit Court issued the following order imposing sanctions against the City:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that the following sanctions shall be imposed against Defendant City and County of Honolulu for its failure to respond to Plaintiffs' Request for Production of Traffic Signal Control Box and for the destruction of said control box:

1. Defendant was negligent in that it had a malfunctioning traffic signal control box at the Waialae and Kilauea Avenue intersection which caused the traffic lights at said intersection to malfunction on September 14, 1974.

2. Defendant City and County of Honolulu is estopped from claiming that the traffic signal control box was defective in design or manufacture or that any such alleged defective condition was the cause of the malfunction on September 14, 1974.

3. Defendant City and County of Honolulu shall not be estopped from asserting its claims as to proximate cause, comparative negligence, assumption of risk or any other affirmative defenses against any other party in this action.

The case was subsequently assigned to Judge Robert Won Bae Chang of the First Circuit Court. By order entered on

March 1, 1982, Judge Chang granted the City's motion for reconsideration of Judge Fong's order of sanctions and modified the prior order as follows:

IT IS HEREBY ORDERED that the City's Motion to Reconsider Judge Fong's Order Imposing Sanctions be granted to the extent that the finding of "negligence" per se is omitted.

IT IS HEREBY FURTHER ORDERED that the new finding and order reads that: "The City failed to properly maintain the traffic signal control box at Waialae and Kilauea causing the traffic lights at said intersection to malfunction on September 14, 1974." The remainder of Judge Fong's original order is not affected by this ruling.

By another order entered on the same date, Judge Chang then granted City's motion for summary judgment. Judge Chang held that even assuming that the City had failed to properly maintain the traffic signal control box, there was no legal basis upon which the City could be found liable for the accident.

## II.

Plaintiffs contend that the trial court erred in its order granting the City's motion for reconsideration. Plaintiffs argue that the sanctions imposed by Judge Fong were appropriate under HRCP Rule 37(d). Plaintiffs further point out that the City's motion for reconsideration was brought more than three years after the filing of Judge Fong's original order and the delay caused severe prejudice to the plaintiffs. Finally, plaintiffs argue that the trial court was precluded under the doctrine of "law of the case" from reconsidering an order of a court of equal and concurrent jurisdiction.

The circuit court has authority to impose sanctions against a party for failure to respond to a request for inspection, under HRCP Rule 37(d) which states:

(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. *If a party* or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party *fails* (1) to

appear before the officer who is to take his deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) *to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B) and (C) of subdivision (b)(2) of this rule.* In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c).

(Emphasis added).

Rule 37(d) refers to the following sanctions in HRCP Rule 37(b)(2)(A), (B) and (C), which may be imposed by the court:

(2) Sanctions by Court in Which Action is Pending. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A) *An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;*

(B) *An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;*

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party . . . .

(Emphasis added).

The circuit court is given broad discretion in determining the sanctions to be imposed pursuant to Rule 37(b)(2). *See* J. Moore, 4A Moore's Federal Practice ¶ 37.03[2] (1982); 8 C. Wright and A. Miller, Federal Practice and Procedure Civil § 2284 (1970). It does not appear that Judge Fong abused his discretion in imposing the sanction that the City would be deemed negligent for having a malfunctioning control box at the time of the accident. Judge Fong had the prerogative under Rule 37(b)(2)(A) and (B) of designating certain facts to be deemed established for purposes of the action and preventing the City as the disobedient party from asserting certain defenses.

The sanction imposed by Judge Fong is commensurate with the prejudice suffered by the plaintiffs as a result of the City's destruction of the traffic signal control box. If the control box had been produced, plaintiffs would have had the opportunity to prove through their experts that the traffic light malfunction was caused by the City's improper maintenance of the control box. Since the box and its contents were destroyed due to the fault of the City, it is only fair that sanctions be imposed so that the City does not benefit from its destruction of potentially significant evidence.

Judge Chang agreed with Judge Fong that sanctions should be imposed against the City for its destruction of the traffic signal control box. Judge Chang, however, disagreed with Judge Fong's use of the word "negligence" in describing the City's culpability. Judge Chang was apparently worried that the word "negligence" in the designated facts would confuse the jury with regard to the City's liability.

The disagreement between Judge Chang and Judge Fong stems from the different connotations the two judges placed on the word "negligence." In the narrow sense, "negligence" is "the failure to do what a reasonable and prudent person would ordinarily have done under given circumstances, as well as the

doing of what such person would, under the circumstances, not have done." *Martin v. Wilson,* 23 Haw. 74, 88 (1915). In the broad sense, "negligence" connotes "(1) [t]he existence of a duty on the part of the defendant to protect the plaintiff from injury; (2) the failure of the defendant to perform that duty; and (3) injury to the plaintiff from such failure of duty on the part of the defendant." *Medeiros v. Honomu Sugar Co.,* 21 Haw. 155, 159 (1912).

Judge Fong's order granting sanctions apparently used "negligence" in the narrow sense, meaning that the City would be deemed to have failed to do what it ordinarily should have done, that is, the City would be deemed to have failed to properly maintain the traffic signal control box. As made explicit in paragraph 3 of his order, Judge Fong did not preclude the City from proving lack of proximate causation, which is an element of the broader definition of "negligence." Judge Fong's order also made it clear that the City was not estopped from proving comparative negligence, assumption of risk or any other defense.

Judge Chang apparently thought that the word "negligence" in Judge Fong's order meant negligence in the broad sense, thereby establishing the City's liability with regard to breach of duty and proximate cause. Judge Chang therefore changed the word "negligence" to a finding that the City had failed to properly maintain the traffic signal control box and consequently was responsible for the traffic light malfunction on the date of the accident.

Our responsibility on review is not to decide which judge's order of sanctions is better worded, but whether the disagreement as to the wording of the designated fact was sufficient grounds for Judge Chang's order granting the City's motion for reconsideration.

A judge should generally be hesitant to modify, vacate or overrule a prior interlocutory order of another judge who sits in the same court. Judicial restraint in this situation stems from considerations of courtesy and comity in a court with multiple judges, where each judge has equal and concurrent jurisdiction. *See generally* Annot., 132 A.L.R. 14 (1941). *See also Castner v. First National Bank of Anchorage,* 278 F.2d 376, 379-80 (9th Cir. 1960); *United States v. Wheeler,* 256 F.2d 745,

746-47 (3d Cir.) *cert. denied,* 358 U.S. 873 (1958); *Shreve v. Cheesman,* 69 F. 785, 790-91 (8th Cir. 1895); *United States v. First National Bank and Trust Co. of Lexington,* 263 F. Supp. 268, 270 (E.D. Ky. 1967).

The normal hesitancy that a court would have in modifying its own prior rulings is even greater when a judge is asked to vacate the order of a brother or sister judge. The general rule which requires adherence to a prior interlocutory order of another judge of the same court thus commands even greater respect than the doctrine of "law of the case" which refers to the usual practice of courts to refuse to disturb all prior rulings in a particular case, including rulings made by the judge himself. *See* 132 A.L.R. at 15. *Cf. Jordan v. Hamada,* 64 Haw. 446, 450, 643 P.2d 70, 72 (1982); *Cain v. Cain,* 59 Haw. 32, 36, 575 P.2d 468, 472-73 (1978); *Gallas v. Sanchez,* 48 Haw. 370, 382, 405 P.2d 772, 779 (1965); *Glover v. Fong,* 42 Haw. 560, 578 (1958).

Unless *cogent reasons* support the second court's action, any modification of a prior ruling of another court of equal and concurrent jurisdiction will be deemed an abuse of discretion. *See Greyhound Computer Corp., Inc. v. International Business Machines Corp.,* 559 F.2d 488, 508 (9th Cir. 1977), *cert. denied,* 434 U.S. 1040 (1978); *Shreve v. Cheesman,* 69 F. at 791; *In re Airport Car Rental Antitrust Litigation,* 521 F. Supp. 568, 572 (N.D. Cal. 1981), *aff'd,* 693 F.2d 84 (1982).

There was no cogent reason for Judge Chang's modification of Judge Fong's prior order of sanctions. As illustrated above, the orders of the two judges are substantially similar. Under both orders, the City is precluded from asserting that it properly maintained the traffic signal control box and from claiming that it was not responsible for the traffic light malfunction on the date of the accident. The City, under both orders, is also allowed the opportunity of proving lack of proximate causation and asserting other defenses.

Since Judge Fong's order was not erroneous and there were no other cogent reasons which would justify a departure from the general rule of comity, we reverse Judge Chang's order which granted the City's motion for reconsideration of Judge Fong's order of sanctions against the City.

III.

We now turn to Judge Chang's order which granted the City's motion for summary judgment. At the hearing on the motion for summary judgment, the court assumed for the purposes of the motion that (1) at the time of the accident, the traffic signal light was malfunctioning; (2) Rachelle Shields knew that the traffic signal light was malfunctioning; and (3) Rachelle Shields was attempting as a reasonable person to cross the street so as to avoid being struck by a motor vehicle. The court held that even assuming that these facts were true and Rachelle Shields was without fault, there was no legal basis upon which the City would be liable to the plaintiffs for the accident which occurred.

Although not expressly articulated, the court's apparent concern was that plaintiffs had failed to make a prima facie showing that the City had breached a duty owed to plaintiffs and that the City's breach was a proximate cause of Rachelle Shields' injuries. The court did not consider the question of Rachelle Shields' comparative negligence or assumption of risk, since it concluded that even if she was without fault, plaintiffs still could not have established negligence on the part of the City.

We have previously held that "[t]he basic theory of governmental tort liability in Hawaii is that the State and its political subdivisions shall be held accountable for the torts of governmental employees '. . . in the same manner and to the same extent as a private individual under like circumstances . . .' HRS § 662-2." *Salavea v. City & County of Honolulu,* 55 Haw. 216, 220, 517 P.2d 51, 54 (1973). In several recent cases, we have found that the City owes a duty of exercising ordinary care with regard to highway safety in order to protect the motoring public and pedestrians. *See, e.g., First Insurance Co. of Hawaii, Ltd. v. International Harvester Co.,* 66 Haw. 185, 192, 659 P.2d 64, 69 (1983) ("duty owned by the City to the motoring public and pedestrians not to validate a truck-trailer driver's presence on the highways without an examination of his competence [by licensing procedures]"); *McKenna v. Volkswagenwerk Aktiengesellschaft,* 57 Haw. 460, 463, 558 P.2d 1018, 1022 (1977) ("[City has] duty to exercise ordinary

care to keep safe the shoulders of the highway where the accident occurred"); *Terranella v. City & County of Honolulu,* 52 Haw. 490, 494, 479 P.2d 210, 213 (1971) ("duty on the part of the proper county authorities to exercise ordinary care to keep safe not only the part of the road or highway customarily used by the traveling public, but also the part contiguous to the traveled part").

The City and its director of transportation services likewise had a duty at the time of the accident to "[l]ocate, select, install and maintain traffic control facilities and devices and street lighting systems." Revised Charter of Honolulu, Art. VI, § 6-1202(b) (1973) (subsequently renumbered as Art. VI, § 6-1102(b) (1978)). Pursuant to an agreement on July 28, 1966 between the City and the State of Hawaii, operational control of certain traffic signal installations, including the traffic lights at the intersection of Waialae and Kilauea Avenues, was transferred from the State to the City. The agreement stated that "[t]he CITY shall have the full responsibility for and bear all costs for operating and maintaining the traffic control devices involved in the transfer of operational control." It consequently cannot be disputed that the City had the duty to properly maintain the traffic signal lights and control box at the intersection of Waialae and Kilauea Avenues.

Because of the sanctions imposed on the City for its destruction of the traffic signal control box, the City's breach of its duty also cannot be disputed. Under the sanctions imposed by Judge Fong, it is an established fact for purposes of this action that the traffic lights were malfunctioning at the time of the accident because of the City's failure to properly maintain the traffic signal control box at Waialae and Kilauea Avenues.

Since the City's breach of its duty to plaintiff Rachelle Shields as a member of the pedestrian public is established for purposes of this action, the only remaining issue concerning the City's negligence is whether the City's breach of its duty was the proximate cause of the accident. In *Collins v. Greenstein,* 61 Haw. 26, 595 P.2d 275 (1979), we described the respective functions of the court and the jury on the issue of proximate cause as follows:

> In cases where reasonable persons might differ on the issue of proximate cause, the question is one for the jury.

Where reasonable persons would not dispute the absence of causality, however, the court may take the decision from the jury and treat it as a question of law.

In situations involving more than one probable cause of a plaintiff's injury and where there is conflicting evidence on this issue, the question of proximate cause remains a jury question.

*Id.* at 41-42, 595 P.2d at 284 (citations omitted).

In this case, reasonable persons could have differed on the issue of proximate cause. It is possible that a reasonable jury could have determined that the City's improper maintenance of the traffic signal control box and the resulting traffic light malfunction was a substantial factor in causing the accident. In *McKenna,* we noted that "[i]t is not necessary that the City's negligence be the whole cause or the only factor as under the 'substantial factor' test a negligent party will not automatically escape liability merely because other causes have contributed to the plaintiff's injury." 57 Haw. at 464, 558 P.2d at 1022.

It is also possible that a reasonable jury could have determined that any intervening acts by the other original defendants in this action, that is, the driver of the vehicle which struck Rachelle Shields, and the manufacturer and distributor of the traffic signal control box, did not relieve the City from liability. In *McKenna,* we quoted with approval the following statement: "It is a rare case where the court may hold, as a matter of law, that the intervening act breaks the chain of causation because whether it was reasonably foreseeable is a question of fact and not of law." *Id.* at 466, 558 P.2d at 1023 (quoting *Jones v. City of South San Francisco,* 96 Cal. App. 2d 427, 435, 216 P.2d 25, 30 (1950) ). *Accord, Mitchell v. Branch,* 45 Haw. 128, 139, 363 P.2d 969, 976-77 (1961).

Since reasonable persons could have differed on the issue of proximate cause in this action, we accordingly reverse the trial court's order granting the City's motion for summary judgment. Summary judgment should only be granted in cases where the record reveals that there is no genuine issue as to any material fact. Where there are genuine issues of material fact, and the moving party is not able to establish that it is entitled to a judgment as a matter of law, the case should be remanded for jury resolution. HRCP Rule 56(c). *See Rodriguez v. Nishiki,*

65 Haw. 430, 653 P.2d 1145, 1150-51 (1982); *Ai v. Frank Huff Agency, Ltd.,* 61 Haw. 607, 611, 607 P.2d 1304, 1308 (1980); *Miller v. First Hawaiian Bank,* 61 Haw. 346, 349, 604 P.2d 39, 41 (1979); *Lau v. Bautista,* 61 Haw. 144, 146-47, 598 P.2d 161, 163 (1979).

Reversed and remanded for further proceedings in accordance herewith.

*Walter G. Chuck* and *Allison H. Lynde* (*Alexander T. MacLaren* with them on the briefs) for plaintiffs-appellants.

*Adrienne Sepaniak King* for defendant-appellee City and County of Honolulu.