T. LYNN WASSON[1] Guardian Ad Litem Prochein Ami for T.P., Minor, Petitioner-Appellee,
v.
T.H. aka T.K., Respondent-Appellee
No. 27571.
Intermediate Court of Appeals of Hawaii.
March 21, 2007.
On the briefs:
Mother-Appellant pro se.
Stephen T. Hioki, for Respondent-Appellee, T.H. aka T.K.

SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, NAKAMURA and FUJISE, JJ.
Mother-Appellant pro se (Mother) appeals from the "Order re: Motion for Relief After Judgment or Order and Declaration, Filed Jan [sic] 19, 2005" (Final Order), a final order entered on June 22, 2005 against her and in favor of Respondent-Appellee T.H. aka T.K. (Father) in the Family Court of the First Circuit?[2] (family court).
On appeal, Mother advances eight points of error:
(1) The family court was wrong to grant summary judgment in favor of Father.
(2) The family court's Findings of Fact and Conclusions of Law filed on December 5, 2005 (FOF/COL) should be excluded from the record on appeal pursuant to Hawai`i Rules of Appellate Procedure (HRAP) Rule 10(f).
(3) Mother received ineffective assistance of counsel.
(4) The family court violated Hawai`i Family Court Rules (HFCR) Rule 58(a) with regards to its Final Order because the Final Order "was filed on the same day as the hearing thereby not allowing Mother-Appellant to proffer her own order."
(5) The family court violated HFCR Rule 58(b) with regards to its (a) "Order Re: Motion for Relief After Judgment or Order and Decree filed 5/25/04," filed on June 24, 2004[3]; (b) "Order Re: Motion for Relief After Judgment or Order Filed Jan [sic] 19, 2005," filed on February 23, 2005[4]; and ( ) "Order for Short Trial," filed on April 18, 2005.
(6) The family court violated HFCR Rule 58(c) with regard to its "Order for Short Trial" filed on April 18, 2005. Mother argues that the order "does not reflect the exact hearing date or dates nor the name of the hearing judge." Mother also argues that because she did not approve the order for form or content, she can argue on appeal "to vacate the order."
(7) The family court violated HFCR Rule 1 by admitting improper evidence at the May 26, 2005 summary judgment hearing and by taking irrelevant considerations into account in disposing of her case.
(8) The family court violated HFCR Rule 63 by not granting a new hearing after the family court judge who heard the original case retired.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues as raised by the parties, we hold:
(1) Mother's failure to advance legal argument in support of her assertion that summary judgment was improper amounts to a failure to comply with HRAP Rule 28(b); nonetheless, this court will address certain of her arguments in the interest of permitting the appellant her day in court.[5] See Montalvo v. Chang, 64 Hawaii 345, 350, 641 P.2d 1321, 1326 (1982), overruled in part on other grounds by Chun v. Bd. of Trs. of Employees' Ret. Sys. of State of Hawaii, 92 Hawai'i 432, 992 P.2d 127 (2000); Jordan v. Hamada, 62 Hawai'i 444, 451-52, 616 P.2d 1368, 1373 (1980); Jones v. Dieker, 39 Hawai'i 208, 209 (1952); see also HRAP Rule 2 (court may address any issue raised by appellant).
(2) The family court properly granted summary judgment in favor of Father and against Mother. HFCR 56. However, in Conclusion of Law (COL) 6 of its FOF/COL, the family court based its correct summary judgment decision on an incorrect conclusion of law, in which it stated that "[b]ecause [Mother's] previously filed May 25, 2004 motion was denied by Judge Gregg Young on September 11, 2004, and [Mother's] April 12, 2005 motion was identical to the September 11, 2004 motion, [Mother's] April 12, 2005 motion is barred by the doctrine of res judicata and therefore is dismissed with prejudice." "Res judicata" was an improper ground upon which to allow summary judgment, as no prior adjudication occurred in this matter. Bush v. Watson, 81 Hawaii 474, 480, 918 P.2d 1130, 1136 (1996).[6] However, this court will affirm the family court when, as here, it made a correct decision, even if it gave an incorrect reason for that decision. Standard Mgmt., Inc. v. Kekona, 99 Hawai`i 125, 131 n.9, 53 P.3d 264, 270 n.9 (App. 2001). The doctrine of comity requires that "[a] judge should generally be hesitant to modify, vacate or overrule a prior interlocutory order of another judge who sits in the same court." Wong v. City & County of Honolulu, 66 Haw. 389, 395, 665 P.2d 157, 162 (1983). "The normal hesitancy that a court would have in modifying its own prior rulings is even greater when a judge is asked to vacate the order of .a brother or sister judge." Id. at 396, 665 P.2d at 162. In the absence of cogent reasons, any modification of the prior family court rulings would have constituted an abuse of discretion. Id. In light of Mother's clearly duplicative motion to vacate, this court concludes that the family court did not abuse its discretion in denying the April 12, 2005 motion by declining to overrule its earlier decision.
(3) The family court was correct in denying with prejudice Mother's January 19, 2005 "Motion for Relief After Judgment or Order and Declaration" because, as the family court noted in its COL 9, child support cannot be retroactively established or modified. Lindsey v. Lindsey, 6 Haw. App. 201, 204, 716 P.2d 496, 499 (1986). Indeed, the family court lacked any jurisdiction over the matters Mother sought to address. CSEA and the family court share jurisdiction over child support matters pursuant to Hawaii Revised Statutes (HRS) §§ 576E-2, -3, and -10 (2006 Repl.). For the family court to review an action taken by CSEA, the appeal must be filed within thirty days of that decision's filing or service date. HRS 576E-13(b) (2006 Repl.). Mother, in her January 19, 2005 motion, essentially sought review of CSEA's denial of a request for modification she had made on April 24, 1998.[7] Mother sought a trial on the question of whether she was entitled to additional support for the period 1998-2002 (the Minor Child reached the age of majority in 2002). Mother fails to show that she timely filed any family court appeal of any decision made on her 1998 request for modification of support or otherwise preserved her request for modification of support in a timely fashion.
(4) The family court properly denied, with prejudice, Mother's oral motion to transfer proceedings from CSEA to Family Court. In COL 18 of its FOF/COL, the family court stated that "[Mother's] Oral Motion to Transfer Venue from Office of Attorney General and/or [CSEA] is denied because said motion is an abuse of process, because Plaintiff, [Mother's] son, is an adult and because there is no legal basis to retroactively modify child support." At the hearing, Mother advanced no legal principle supporting the proposition that files or proceedings can be transferred from CSEA to the family court, and she also fails to do so on appeal. "Points not argued may be deemed waived." HRAP Rule 28(b)(7). This court is aware of no process by which proceedings may be wholesale removed from CSEA to family court upon the oral motion of a litigant.
(5) There exists no reason to exclude the family court's FOF/COL from the record on appeal. Mother asserts that because the family court filed its FOF/COL more than 28 days after her request, those findings and conclusions should be excluded from the record on appeal. Mother cites HRAP Rule 10(f), which states in relevant part that "[t]he named judge shall enter the requested findings of fact and conclusions of law within 28 days after the request has been filed." Mother filed her request on November 2, 2005, and the family court entered its findings on December 5, 2005. While Mother is correct in her assertion that the 28-day prescribed time period was exceeded, she cites no authority for the proposition that the failure to adhere to the 28-day time period must result in exclusion of the FOF/COL from the record on appeal, and she demonstrates no undue prejudice following from the family court's failure to file its FOF/COL in a timely fashion.
(6) The family court did not violate HFCR Rule 58(a) by not allowing Mother to proffer her own suggested order with regards to the court's June 24, 2004 "Order Re: Motion For Relief After Judgment or Order and Decree Filed 5/25/04." Mother notes that the order was filed the same day as the hearing without her approval to form. The family court may enter orders at its discretion, and therefore Mother's argument lacks merit.[8] Powell's arguments with regard to HFCR Rule 58(b) and (c) similarly lack merit.
(7) The family court did not violate HFCR Rule 1 by granting summary judgment in favor of Father or violate Rule 63 by failing to order a new hearing upon the retirement of family court Judge Suemori, who had heard many of the prior proceedings in the case. Mother cites no legal authority or specific language in either rule that would lend support to her positions and thus the arguments are deemed waived. HRAP Rule 28(b)(7).
(8) Mother's assertions of ineffective assistance of counsel lack any merit whatsoever and utterly fail to advance any semblance of legal theory in support of the notion that opposing counsel's typographical errors can somehow support a pro se civil litigant's claim of ineffective assistance. The point is deemed waived. HRAP Rule 28(b)-(7).
Therefore,
The "Order re: Motion for Relief After Judgment or Order and Declaration, Filed Jan [sic] 19, 2005," filed on June 22, 2005 in the Family Court of the First Circuit is affirmed.
NOTES
[1] On June 7, 1990, William J. Eggers, III, withdrew and T. Lynne Wasson substituted in as Guardian Ad Litem Prochein Ami for the Minor Child in this case.
[2] The Honorable Frances Q. F. Wong presided.
[3] Mother, in her opening brief, apparently argues that she attached to her September 21, 2004 "Motion for Reconsideration," a piece of correspondence from Huilin Dong (Dong), counsel for Respondent-Appellee T.H. aka T.K. (Father), to the director of Child Support Enforcement Agency (CSEA), indicating that a family court judge had requested from Dong a piece of information on the case, and that the family court in this case erred by not referring to this supposed inquiry in its June 24, 2004 order.
[4] Mother bases this point of error on the allegation that the family court judge (a) had provided her with "improper information concerning an alleged change of the law in paternity action concerning the service of exhibits upon opposing parties," and (b) had ordered her to "submit her withdrawn exhibits by March 20, 2005," but had not referenced the order regarding the exhibits in its February 23, 2005 order.
[5] Mother fails to comply with the provisions of Hawaii Rules of Appellate Procedure Rule 28(b), including:

Rule 28(b)(4) (no "concise statement of the points of error set forth in separately numbered paragraphs. Each point shall state: (i) the alleged error committed by the court or agency; (ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to[.]");
Rule 28(b)(5) (no Standard of Review section "setting forth the standard or standards to be applied in reviewing the respective judgments, decrees, orders or decisions of the court or agency alleged to be erroneous and identifying the point of error to which it applies."); and
Rule 28(b)(7) (no argument section "containing the contentions of the appellant on the points presented and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on."). Mother's brief contains many of the required subject headings, but fails to comply with the rule regarding argument in anything approaching a substantial way. This rule states that "[p]oints not argued may be deemed waived."
[6] "Res judicata will bar relitigation where: 1) the issue decided in the prior adjudication is identical with the one presented in the action in question; 2) there was a final judgment on the merits; and 3) the party against whom res judicata is asserted was a party . . . to the prior adjudication." Bush v. Watson, 81 Hawaii 474, 480, 918 P.2d 1130, 1136 (1996) (internal quotation marks, citation, and brackets omitted).
[7] In that motion, Mother stated "[i]t has been seven, 7 year [sic] since the 3/5/1991 judgment and the request for modification of child support through CSEA on 4/24/1998. There have been numerous changes to be shown at trial. Extraordinary medical and educational expenses of child. Respondent committed fraud to the court in 1991. Judge William Smith deviated from child support guidelines."
[8] Hawaii Family Court Rules Rule 58(a) states "[W]ithin 10 days after entry or announcement of the decision of the court, the prevailing party, unless otherwise ordered by the court, shall prepare a judgment or order . . . and secure thereon the approval as to form of the opposing counsel or party (if pro se) [.]"