IN THE MATTER OF THE TRUST CREATED UNDER THE WILL DATED NOVEMBER 15, 1917 OF EMANUEL S. CUNHA, DECEASED.
CARMA R. MENG, DONNA PATRICIA MURRAY, and HARVE D. MURRAY, Petitioners-Appellants/Cross-Appellees,
v.
HAWAIIAN TRUST COMPANY, LTD., Respondent-Appellee/Cross-Appellant.
No. 27762.
Intermediate Court of Appeals of Hawaii.
September 12, 2008.
On the briefs:
Carroll S. Taylor, Kimo C. Leong, Gregory W.K. Chee, for Petitioners-Appellants/Cross-Appellees.
Conrad M. Weiser, Bruce L. Lamon, Randolf L.J. Baldemor, (Goodsill Anderson Quinn & Stifel) for Respondent-Appellee/Cross-Appellant.

SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, FUJISE, J., and Circuit Judge LEE in place of RECKTENWALD, Chief Judge, WATANABE, NAKAMURA, and LEONARD, JJ., all recused.
Petitioners-Appellants/Cross-Appellees Carma R. Meng (Carma), Donna Patricia Murray (Donna), and Harve D. Murray (Harve) (hereinafter collectively referred to alternately as Appellants or Petitioners) appeal and Respondent-Appellee/Cross-Appellant Bank of Hawaii (hereinafter referred to alternately as Appellee or Respondent) cross-appeals from the Judgment filed on January 23, 2006, in the Circuit Court of the First Circuit (circuit court).[1] Appellants are income beneficiaries under the Trust created under the Will dated November 15, 1917 of Emanuel S. Cunha, Deceased (Trust), and Appellee is the Trustee for the Trust.[2] The Judgment provided:
Pursuant to the [sic] Rule 58 of the Hawaii Rules of Civil Procedure, the Replacement Order Granting [Respondent's] Motion for Partial Summary Judgment Filed March 21, 2000, filed herein on January 17, 2006, and the Memorandum of Decision filed herein on even date herewith, judgment be and hereby is entered in favor of [Respondent], . . . and against Petitioners . . . with respect to Counts I, II and III of the Petition for Removal and Surcharge of Trustee filed herein on September 24, 1997 ("Petition"). Count IV of the Petition, being the only other claim asserted herein, was orally withdrawn by Petitioners on the record at trial, and is therefore dismissed. Any remaining claims or parties are dismissed.
On appeal, Appellants argue that the circuit court erred when it
(1) concluded that Appellants bore the burden of proof on the reasonableness of Appellee's principal commissions in 1992-1994;
(2) "concluded that `whether or not real property taxes are paid through the trustee or directly from the lessee to the government, the taxes constitute income constructively received by the trust, on which the trustee is entitled to income commissions,'" thereby disregarding both (i) the Hawai`i Supreme Court's dictum in footnote 11 of In re Trust Dated November 15, 1917 of Cunha, 104 Hawai`i 267, 88 P.3d 202 (2004) (Cunha II), a related case, and (ii) the majority opinion in In re Trust Estate of Wharton, 28 Haw. 502 (1925) (Wharton);
(3) "`alternately concluded that Appellee did not breach its fiduciary duty by not setting up a system whereby real property taxes would be paid directly from ground lessees to the government' even though Appellee's chosen system benefitted Appellee at the expense of the beneficiaries"; and
(4) misapplied In re the Estate of Bishop, 53 Haw. 604, 499 P.2d 670 (1972) (Bishop) (which predated that enactment of HRS § 560:7-205 (2006 Repl.) upon which Appellants rely), and misread Cunha II to conclude that HRS § 560:7-205 does not authorize the court to review the reasonableness of trustee fees, but only the reasonableness of the method of determination of trust income or trust value.
Appellants request that we reverse the Judgment and order Appellee to:
(1) reimburse to the Trust income account, for distribution to the income beneficiaries, the income commissions derived from Appellee's funneling real property tax receipts through its books for either the time period (a) 1992 through 2004, for a total of $395,669, or (b) 1996 through 2004, for a total of $240,780, plus statutory interest thereon; and
(2) lower the value of the hotel land for 1992-1994 to the same value assigned to the land by Appellee for the previous three years ($3,396,000) and, as a consequence, reimburse the principal account of the Trust, for retention in the principal account until termination, the principal fees charged for those three years ($386,380), plus statutory interest thereon.
Appellants also argue that Appellee should be made to bear its own fees incurred in this proceeding and should be ordered to reimburse Appellants their reasonable attorney's fees and costs incurred in this case.
On cross-appeal, Appellee contends the circuit court erred in its order filed on December 23, 2004 when the court denied Appellee's Motion for Partial Summary Judgment as to the remainder of Count I of Appellants' complaint.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Appellants' points of error as follows:
(1) Appellants cite to no convincing authority in this jurisdiction and we find none in support of the notion that Appellee bore the burden of proof on the reasonableness of Appellee's principal commissions in 1992-1994. The relevant statute, HRS § 554-4 (2006 Repl.), provides that a trustee appointed by or requiring the approval of the court shall file an accounting with the court, except in cases where the prior trustee, if any, was not required by statute or the instrument creating the trust or appointing the trustee to file such an account. There is no evidence in the record on appeal that the trustee prior to Appellee was required to file such an account.
(2) The circuit court was not wrong to disregard the Hawai`i Supreme Court's dictum in footnote 11 of Cunha II and the majority opinion in Wharton when the circuit court concluded that the property taxes paid by lessees through Appellee constituted income constructively received by the trust, on which Appellee was entitled to income commissions. The dicta put forth by the supreme court in those cases did not constitute "settled precedent." Robinson v. Ariyoshi, 65 Haw. 641, 654-55, 658 P.2d 287, 298 (1982); Cunha II, 104 Hawai`i at 272 n.11, 88 P.3d at 207 n.11; Wharton, 28 Haw. at 502-03 & 507-09.
(3) The circuit court was not wrong to alternately conclude that Appellee did not breach its fiduciary duty by failing to set up a system whereby real property taxes would be paid directly from the ground lessees to the government. By structuring the payments so that the government, rather than Appellee, received the payments directly, Appellee still would have been entitled to an income commission, according to a portion of the circuit court's Memorandum of Decision Appellants do not dispute. Therefore, we fail to see how Appellee could have breached its fiduciary duty by so structuring the payments.
(4) The circuit court did not misapply Bishop or misread Cunha II in concluding that HRS § 560:7-205 does not authorize the court to review the reasonableness of trustee fees. See Cunha II, 104 Hawai`i at 271, 88 P.3d at 206; Bishop, 53 Haw. at 604-06, 499 P.2d at 671-72; see also Wong v. City & County of Honolulu, 66 Haw. 389, 396, 665 P.2d 157, 162 (1983) ("[T]he doctrine of `law of the case' . . . refers to the usual practice of courts to refuse to disturb all prior rulings in a particular case[.]").
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Appellee's point of error as follows:
Appellee prevailed on all the counts remaining at trial; therefore, its argument that the circuit court erred by denying its Motion for Partial Summary Judgment on the remainder of Count I is moot. See Smallwood v. City & County of Honolulu, 118 Hawai`i 139, 146-48, 185 P.3d 887, 894-96 (App. 2008); Carl Corp. v. State of Hawai`i, Dep't of Educ., 93 Hawai`i 155, 164, 997 P.2d 567, 576 (2000); see also Right to Know Committee v. City Council, City & County of Honolulu, 117 Hawai`i 1, 8, 175 P.3d 111, 118 (App. 2007).
Therefore,
The Judgment filed on January 23, 2006 in the Circuit Court of the First Circuit is affirmed.
NOTES
[1] The Honorable Sabrina S. McKenna presided.
[2] At the bench trial, Appellants and Appellee stipulated to the following facts: "[Hawaiian Trust Company, Ltd. (HTC)] did not become the trustee of the Cunha Trust until July 1, 1994, when Bishop Trust Company, Limited ("BTC") (which had been the trustee) was merged into [HTC]; [HTC] ceased to be the trustee on September 30, 1997, when it was merged into Bank of Hawaii; the fiduciary business of [HTC] was for a time conducted by Pacific Century Trust, a division of Bank of Hawaii ("BOH"), but is now conducted by BOH directly." The stipulation also provided that HTC and BTC served as trustee during the period covered by the petition and PTC served as trustee for a period of time subsequent to September 30, 1997. For the sake of simplicity in this appeal, we refer to whichever entity was trustee of the Trust at a given time as Respondent or Appellee, depending on the context.