**NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000826
09-SEP-2020
08:45 AM**

NO. CAAP-19-0000826

IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAI‘I

JL, Petitioner-Appellee,
v.
MV, Respondent-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-P NO. 13-1-6287)

MEMORANDUM OPINION
(By: Ginoza, Chief Judge, Chan and Hiraoka, JJ.)

This case involves a dispute between Petitioner-Appellee JL (**Mother**) and Respondent-Appellant MV (**Father**) over which school their minor child (**Child**) should attend. Father appeals from the "Order for Relief After Judgment or Order" entered by the Family Court of the First Circuit on November 18, 2019 (**November 2019 Order**).[1] For the reasons explained below, we affirm the November 2019 Order.

## BACKGROUND

Mother and Father were never married. On August 1, 2013, Mother filed a "Petition for Paternity or for Custody, Visitation and Support Orders After Voluntary Establishment of Paternity" (**Petition**). On October 3, 2013, the family court

---

[1] The Honorable Natasha R. Shaw signed the November 2019 Order.

entered a stipulated order[2] that awarded joint legal custody of Child to Mother and Father and sole physical custody to Mother. The order also set a temporary visitation schedule for Father pending trial, and ordered Father to pay temporary child support.

A trial was held on February 20, 2014. On April 4, 2014, the family court entered a "Decision & Order" that addressed Father's visitation rights and payment of child support, medical insurance, and uninsured medical costs.[3]

On September 21, 2018, Mother filed a motion seeking modification of Father's visitation rights and child support obligations. On November 9, 2018, Father filed his own motion seeking joint physical custody of Child and modification of child support. A trial on both motions was held on April 29, 2019. On May 31, 2019, the family court entered its "Decision and Order Following Trial" (**May 2019 Order**).[4] That order addressed, among other things, joint legal and physical custody of Child, subject to a time-sharing schedule. Of relevance to this appeal, the May 2019 Order provided:

> 1.  Legal Custody. The parties shall maintain joint legal custody of the child. The parties shall confer on all major legal decisions regarding the child, including decisions regarding those affecting education . . . .
>
> Major legal decisions shall include . . . major decisions regarding the child's education, such as choice of school [and] change in school . . . .
>
> Each party shall notify the other in writing of any major decision that needs to be made for a child as soon as possible after learning of the issue that needs to be decided. Parties are to respond to the other parent's request for a decision or any other request within 24-hours. The parties shall communicate with each other in an effort to reach an agreement regarding the decision. If the

---

[2]  The Honorable Linda S. Martell signed the stipulated order.

[3]  The Honorable Linda S. Martell presided over the trial and signed the April 4, 2014 Decision & Order.

[4]  The Honorable Kristine Y. Yoo presided over the trial and signed the May 2019 Order.

parties are unable to agree on the issue, they shall discuss it with their parenting counselor before either party files a motion with the Court.

. . . .

3. <u>Timesharing</u>. The Court finds the following timesharing schedule to be in the child's best interest.

a. <u>Regular Timesharing Schedule</u>. The parties' regular timesharing schedule shall be as follows: FATHER shall have the child every Friday from afterschool [sic] until Sunday evening at 6:00 p.m. on the first (1st), second (2nd), and fourth (4th) weekends of each month. <u>Regular Pick-up/Drop-off Arrangement</u>: FATHER shall pick up the child immediately afterschool [sic] on Fridays. MOTHER shall pick up the child at 6:00 p.m. from FATHER's residence on Sundays.

. . . .

19. <u>Mediation</u>. The parties are hereby ordered to participate in mediation with the Mediation Center of the Pacific, or with some other professional mediator, prior to filing any additional motions before this Court, and/or if the parties have any dispute regarding a legal custody issue in the future. Failure to participate in mediation prior to filing a motion, absent exigent circumstances, may result in sanctions being imposed by this Court, which could include dismissal of any motion, an order to pay reasonable attorneys' fees and costs, or any other appropriate sanction the Court deems just and equitable under the circumstances.

On August 15, 2019, Father filed the motion that gave rise to this appeal. He claimed that the May 2019 Order required Father and Mother to agree before changing Child's school, but Mother changed Child's school on August 5, 2019, without Father's agreement. He also claimed that Mother did not list him as the first emergency contact for Child's new school. Father's motion was heard on September 4, 2019.[5] The November 2019 Order granted Father's request to be named as the first emergency contact for Child, and also ordered Mother to list Father as an authorized person to pick Child up from Child's after-school programs. Of relevance to this appeal, the November 2019 Order provided:

---

[5] The Honorable Natasha R. Shaw presided.

> 1.      [Father]'s request for an order directing re-enrollment of the subject child in [Child's former school] is denied.  Considering the best interests of the child, [Mother]'s residence and place of employment, and the time schedule in effect, it is not in [Child's] best interests to return to [Child's former school] and [Child] shall remain enrolled in [Child's new school].

The family court entered findings of fact and conclusions of law on January 8, 2020, after Father filed his notice of appeal, pursuant to Rule 52(a) of the Hawaiʻi Family Court Rules.

## DISCUSSION

Father's opening brief contains five separately numbered points of error, but argues only two: **(1)** the family court's November 2019 Order violated the doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion); and **(2)** the November 2019 Order violated the law of the case established by the May 2019 Order.  The applicability of preclusive doctrines such as res judicata, collateral estoppel, or law of the case present questions of law that we review de novo.  In re Thomas H. Gentry Revocable Tr., 138 Hawaiʻi 158, 168, 378 P.3d 874, 884 (2016).

### Res Judicata/Claim Preclusion and Collateral Estoppel/Issue Preclusion

Father argues that the May 2019 Order had preclusive effect over the November 2019 Order because: (a) the May 2019 Order required the parties to mediate disputed issues and to see a family counselor before filing a post-decree motion; and (b) the issue of whether Child should change schools was raised during the April 29, 2019 evidentiary hearing, but the family court did not authorize a change.  We disagree.

Res judicata (claim preclusion) and collateral estoppel (issue preclusion) are legal doctrines that limit a party to one opportunity to litigate a case to prevent inconsistent results

among multiple suits, and to promote finality and judicial economy.  Bremer v. Weeks, 104 Hawaiʻi 43, 53, 85 P.3d 150, 160 (2004).  They are, however, separate doctrines that involve distinct questions of law.  Id.

Claim preclusion "prohibits a party from relitigating a previously adjudicated cause of action."  Bremer, 104 Hawaiʻi at 53, 85 P.3d at 160 (citation omitted).  The party asserting claim preclusion has the burden of establishing that (1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim decided in the original suit is identical with the one presented in the action in question.  Id. at 54, 85 P.3d at 161.

Issue preclusion "applies to a subsequent suit between the parties or their privies on a different cause of action and prevents the parties or their privies from relitigating any issue that was actually litigated and finally decided in the earlier action."  Bremer, 104 Hawaiʻi at 54, 85 P.3d at 161 (citation omitted).  The party asserting issue preclusion must establish that (1) the issue decided in the prior suit is identical to the one presented in the action in question, (2) there is a final judgment on the merits, (3) the issue decided in the prior suit was essential to the final judgment, and (4) the party against whom issue preclusion is asserted was a party, or is in privity with a party, to the prior suit.  Id.  It is not necessary that the party asserting issue preclusion in the second suit was a party in the first suit.  Id.

Neither doctrine applies in this case, which involves a child custody dispute to which Hawaii Revised Statute (**HRS**) § 571-46 (2018) applies.  The statute, titled "Criteria and procedure in awarding custody and visitation; best interest of the child[,]" provides, in relevant part:

> (a)  In . . . any . . . proceeding where there is at issue a dispute as to the custody of a minor child, the [family]

court, during the pendency of the action . . . <u>or any time during the minority of the child</u>, may make an order for the custody of the minor child as may seem necessary or proper. In awarding the custody, the court shall be guided by the following standards, considerations, and procedures:

. . . .

    (6)    Any custody award shall be subject to modification or change <u>whenever the best interests of the child require or justify the modification or change</u>[.]

(Underscoring added).

      <u>Waldecker v. O'Scanlon</u>, 137 Hawai‘i 460, 375 P.3d 239 (2016) is instructive. In that case, mother and father were married and had a child. In anticipation of their divorce, they entered into a settlement agreement that was incorporated into a divorce decree. The agreement provided, and the decree stated, that mother and father would have joint physical custody of their child, but if either moved more than 200 miles away from O‘ahu, sole physical custody would automatically revert to the remaining parent. Four years later, mother anticipated moving to Florida with her new husband. She petitioned the family court to change the child custody arrangement, contending that there had been a material change in circumstances that required the family court to examine whether a change in custody would be in the child's best interests. Father argued that the divorce decree specifically provided for the child's custody if a parent relocated, and that the family court should enforce the divorce decree without performing a "best interests of the child" analysis.

      The family court agreed with father and awarded sole physical custody of child to father, as provided for by the divorce decree. Mother appealed. Even though the divorce decree specifically provided that father would gain sole physical custody if mother relocated more than 200 miles away from O‘ahu, the supreme court held that "the family court erred by not

considering the best interests of the child as required by HRS § 571-46." Waldecker, 137 Hawaiʻi at 466, 375 P.3d at 245. After discussing the existing case law on the issue, the supreme court concluded:

> that the requirement of a material change in circumstances is inconsistent with HRS § 571-46. Accordingly, we overrule Nadeau[6] and Hollaway[7] to the extent they suggest that a material change in circumstances is required before the court can consider the best interests of the child in modifying a custody order. Rather than that two-step analysis, there is a single inquiry which focuses on the best interests of the child. As this court held in Dela Cruz,[8] the question is "whether or not there has been such a change of circumstances that the modification will be for the [best interest] of the child." 35 Haw. Terr. at 98.
>
> We acknowledge that there are legitimate interests in preventing continued relitigation of issues and reducing repetitive motions. However, the family courts have various tools at their disposal to address such situations, including the power to impose sanctions, as appropriate.
>
> In short, jurisprudential concerns regarding repetitive motions cannot be addressed in a manner that conflicts with the requirements of HRS [§] 571-46 that "custody should be awarded . . . according to the best interests of the child" and "any custody award shall be subject to modification or change whenever the best interests of the child require or justify the modification or change." HRS § 571-46(a)(1) and (6) (emphasis added).

Id. at 470, 375 P.3d at 249 (footnotes and first emphasis added).

In this case the May 2019 Order required that if the parties did not agree about a change in Child's school, "they shall discuss it with their parenting counselor before either party files a motion with the Court." Father testified, during the September 4, 2019 evidentiary hearing, that Mother raised the change of schools issue during a mediation in July 2019, but no agreement was reached. Father also testified that he met with a counselor recommended by his attorney, and with a counselor

---

[6]    Nadeau v. Nadeau, 10 Haw. App. 111, 861 P.2d 754 (1993).

[7]    Hollaway v. Hollaway, 133 Hawaiʻi 415, 329 P.3d 320 (App. 2014).

[8]    Dela Cruz v. Dela Cruz, 35 Haw. Terr. 95 (1939).

selected by Mother, on the choice-of-school issue before filing his August 15, 2019 motion.

Although Mother did not file a motion before changing Child's school, Father's August 15, 2019 motion brought the issue before the family court after the parties could not resolve it through mediation or counseling.  The record indicates that Mother had custody of Child during the week.  Mother's place of residence changed, resulting in a change in Child's public school district.  Child's old school was located across the island from Child's new school.  The family court found that if Child was returned to the old school, the lengthy commute would not have been in Child's best interest.  Although Father's opening brief cites the family court's finding of Child's best interest as error, Father presents no argument about why the family court abused its discretion in making the finding.  The point is waived.  See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7) ("Points not argued may be deemed waived.").

### **Law of the Case Doctrine**

The law of the case doctrine has been applied under two circumstances.  First, if an appeal is taken, "a determination of a question of law made by an appellate court in the course of an action becomes the law of the case and may not be disputed by a reopening of the question at a later stage of the litigation." Fought & Co. v. Steel Eng'g & Erection, Inc., 87 Hawaiʻi 37, 48-49, 951 P.2d 487, 498-99 (1998) (citation omitted).  The family court's November 2019 Order at issue in this case was not entered after a remand.  The appellate law of the case doctrine has no application in this case.

Second, in cases upon which more than one judge has presided, "the usual practice of courts to refuse to disturb all prior rulings in a particular case" is referred to as the "law of the case" doctrine.  Chun v. Bd. of Trs. of Emps.' Ret. Sys. of

State of Hawaiʻi, 92 Hawaiʻi 432, 441, 992 P.2d 127, 136 (2000) (citation omitted).  "Unless cogent reasons support the second court's action, any modification of a prior ruling of another court of equal and concurrent jurisdiction will be deemed an abuse of discretion."  Wong v. City & Cty. of Honolulu, 66 Haw. 389, 396, 665 P.2d 157, 162 (1983) (emphasis and citations omitted).

The law of the case doctrine was not violated here because the November 2019 Order did not modify the terms of the May 2019 Order.  The May 2019 Order did not contain any provision about which school Child would attend.  The May 2019 Order actually anticipated potential future disagreements on "major decisions regarding the child's education, such as choice of school [and] change in school," and incorporated alternative dispute resolution provisions for mediation and counseling before any party could file a motion for relief.  We hold that the family court's decision to allow Child to remain enrolled in Child's new school did not violate the law of the case doctrine.

## CONCLUSION

Based upon the foregoing, the order entered by the Family Court of the First Circuit on November 18, 2019, is affirmed.

Dated: Honolulu, Hawaiʻi, September 9, 2020.

On the briefs:

Thomas D. Farrell,
for Petitioner-Appellee.

Samuel P. King, Jr.,
for Respondent-Appellant.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Derrick H.M. Chan
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge