**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000039**
**28-AUG-2024**
**08:06 AM**
**Dkt. 69 SO**

CAAP-21-0000039

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


TITLE GUARANTY ESCROW SERVICES, INC., Plaintiff-Appellee, v.
WAILEA RESORT COMPANY, LTD., a Hawaiʻi corporation,
Defendant-Appellee and MICHAEL J. SZYMANSKI, Defendant-Appellant,
and JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE ENTITIES 1-50; DOE GOVERNMENTAL UNITS 1-50, Defendants,
and
MICHAEL J. SZYMANSKI, Defendant/Cross-Claim Plaintiff-Appellant,
v. WAILEA RESORT COMPANY, LTD., a Hawaiʻi corporation,
Defendant/Cross-Claim Defendant-Appellee,
and
MICHAEL J. SZYMANSKI, Third-Party Plaintiff-Appellant, v.
ADOA-SHINWA DEVELOPMENT CORPORATION, a Hawaiʻi Corporation,
Third-Party Defendant-Appellee, and DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-20; DOE UNINCORPORATED BUSINESS
ENTITIES 21-30; AND JOHN DOE INDIVIDUALS 31-40,
Third-Party Defendants,
and
ADOA-SHINWA DEVELOPMENT CORPORATION, a Hawaiʻi Corporation,
SHINWA GOLF HAWAIʻI CO., LTD., a Hawaiʻi Corporation,
Third-Party Counterclaim Plaintiffs-Appellees, v.
MICHAEL J. SZYMANSKI, Third-Party Counterclaim
Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2CC021000352(2))

<u>SUMMARY DISPOSITION ORDER</u>
(By: Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

Defendant-Counterclaimant-Third-Party Plaintiff-

Appellant Michael J. Szymanski (**Szymanski**) appeals from the

December 28, 2020 Final Judgment (**Judgment**) entered by the

Circuit Court of the Second Circuit (**Circuit Court**)[1] in favor of Defendant-Appellee Wailea Resort Company, Ltd. (**Wailea**) and Third-Party Defendants-Appellees ADOA-Shinwa Development Corporation, *et al.* (collectively, **Appellees**). Szymanski also challenges the Circuit Court's June 3, 2020 order, which addressed disbursal of escrow funds, pre-judgment interest, and other issues (**June 3, 2020 Order**), and September 14, 2020 order, which principally denied reconsideration of the June 3, 2020 Order (**September 14, 2020 Order**).

Szymanski raises four points of error on appeal, contending that the Circuit Court erred when it: (1) failed to hold an evidentiary hearing pursuant to Hawaii Revised Statutes (**HRS**) § 636-16 (2016) to determine if and when Wailea breached the May 5, 1999 Land Sales Contract between Wailea and Szymanksi for the sale of property in Honuaʻula, Maui (**Land Contract**); (2) "failed to hold a due-process evidentiary hearing to address 'the disbursal of [Szymanski's $50,000 NON-Contract] funds issued based on the Contract, as Amended,' which the supreme court explicitly remanded the Circuit Court to do;" (3) held that the 2003 stipulation to move the deposit of Szymanski's $50,000 deposit previously held by Title Guaranty from a non-interest bearing bank account into an interest-bearing bank account limited Szymanski's right to an evidentiary hearing and prejudgment interest; and (4) failed to address whether Alexander & Baldwin, Inc. (**A&B**) and its related entities are indispensable parties.

---

[1] The Honorable Peter T. Cahill presided.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Szymanski's points of error as follows:

This is the seventh appeal in Civil No. 02-1-0352. In 2019, the Hawai'i Supreme Court held that this court erred in ruling that Wailea was entitled to retain the $50,000 deposit with accrued interest, vacated this court's judgment only as to the disbursal of escrow funds to Wailea, and remanded to the Circuit Court for further proceedings consistent with its opinion. Title Guar. Escrow Servs., Inc. v. Wailea Resort Co., 146 Hawai'i 34, 48-49, 456 P.3d 107, 121-22 (2019). We consider this appeal in light of the supreme court's narrow mandate for further action on remand.

The $50,000 in funds were disbursed to Szymanski. In fact, following remand, Wailea delivered (through counsel) a cashier's check in the amount of $52,110.87, which was the deposit amount and all accumulated interest. Szymanski refused to accept the tender, as he did not want to waive his argument that he was entitled to an award of prejudgment interest.

(1) Szymanski contends that the Circuit Court erred in not holding an evidentiary hearing on whether Wailea breached the Land Contract, in furtherance of his argument regarding prejudgment interest. This argument is without merit. This court's April 27, 2009 decision determined that it was Szymanski who was in breach of the Land Contract on July 13, 2001, and the supreme court denied *certiorari* on that question. See Title

Guar. Escrow Servs., Inc. v. Szymanski, No. 27254, 2009 WL 1112604, *2 (Haw. App. Apr. 27, 2009) (SDO); Title Guar. Escrow Servs., Inc., 146 Hawaiʻi at 38-39, 456 P.3d at 111-12.  Because this court made a final determination regarding Szymanski's breach, and the supreme court denied *certiorari*, the law of the case doctrine instructs this court not to disturb the ruling.

> The law of the case doctrine holds that "a determination of a question of law made by an appellate court in the course of an action becomes the law of the case and may not be disputed by a reopening of the question at a later stage of the litigation." Fought & Co. v. Steel Eng'g & Erection, Inc., 87 Hawaiʻi 37, 48-49, 951 P.2d 487, 498-99 (1998) (citation omitted).  "This doctrine applies to issues that have been decided either expressly or by necessary implication." Id.  In other words, "the usual practice of courts to refuse to disturb all prior rulings in a particular case" is referred to as the "law of the case" doctrine. Chun v. Bd. of Trs. of the Emps.' Ret. Sys. of State of Hawaii, 92 Hawaiʻi 432, 441, 992 P.2d 127, 136 (2000) (citations omitted).  "Unless cogent reasons support the second court's action, any modification of a prior ruling of another court of equal and concurrent jurisdiction will be deemed an abuse of discretion." Wong v. City & Cty. of Honolulu, 66 Haw. 389, 396, 665 P.2d 157, 162 (1983) (emphasis omitted).

Hussey v. Say, 139 Hawaiʻi 181, 185 384 P.3d 1282, 1286 (2016).  Szymanski provides no cogent reason to disturb this court's prior determination that Szymanski, not Wailea, beached his obligations under the Land Contract.

(2 & 3)  Szymanski argues that the Circuit Court erred when it denied him an award of prejudgment interest, over and above the modest amount accrued in the interest-bearing account utilized per the parties' 2003 stipulation.  Szymanski incorrectly asserts that the standard of review for a court's award or denial of prejudgment interest is *de novo*.  It is reviewed for an abuse of discretion.  Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 136-37, 839 P.2d 10, 36 (1992);

Page v. Domino's Pizza, Inc., 80 Hawaiʻi 204, 208, 908 P.2d 552, 556 (App. 1995). HRS § 636-16 provides:

> **§ 636-16 Awarding Interest.** In awarding interest in civil cases, the judge is authorized to designate the commencement date to conform with the circumstances of each case, provided that the earliest commencement date in cases arising in tort, may be the date when the injury first occurred and in cases arising by breach of contract, it may be the date when the breach first occurred.

"The well-established 'purpose of the statute [is] to allow the court to designate the commencement date of interest in order to correct injustice when a judgment is delayed for a long period of time for any reason, including litigation delays.'" Page, 80 Hawaiʻi at 209, 908 P.2d at 557 (citation and ellipses omitted). "A trial court's denial of prejudgment interest is usually affirmed if the party requesting the award is found to have caused the delay . . . or if there is no showing that the non-moving party's 'conduct unduly delayed the proceedings' of the case." Id. (citations omitted).

Here, the Circuit Court exercised its discretion not to award prejudgment interest because the parties stipulated to put the $50,000 deposit into a particular interest-bearing account, and no facts were presented to warrant the court's deviation from that agreement.

Szymanski argues that the Circuit Court should have held an evidentiary hearing, but HRS § 636-16 does not require an evidentiary hearing prior to making a determination on prejudgment interest. Szymanski cites to Nordic PCL Constr., Inc. v. LPIHGC, LLC, 136 Hawaiʻi 29, 358 P.3d 1 (2015), and Low v. Minichino, 126 Hawaiʻi 99, 267 P.3d 683 (App. 2011), for the proposition that when material facts are in dispute, the circuit

court should conduct an evidentiary hearing. However, these cases deal with arbitration disputes, not prejudgment interest, and there are no material facts in dispute here.

Szymanski provides no support for the proposition that Wailea's conduct unduly delayed the proceedings in this case. Szymanski correctly points out that a finding of fault is not necessary before awarding a party prejudgment interest, citing Tri-S Corp. v. W. World Ins. Co., 110 Hawaiʻi 473, 498, 135 P.3d 82, 107 (2006). However, upon full consideration of Szymanski's arguments and the entirety of the record, we cannot conclude that the Circuit Court abused its discretion in denying the award of prejudgment interest under the circumstances of this case.

(4) Szymanski argues that the Circuit Court erred in failing to address the portion of his motion seeking to add A&B and its related entities as real parties in interest to ensure that he can collect what is owed to him. This argument is wholly without merit. Szymanski has been paid. Moreover, the Circuit Court did in fact address Szymanski's request when it denied his motion in its entirety.

For these reasons, the Circuit Court's December 28, 2020 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, August 28, 2024.

On the briefs:                          /s/ Katherine G. Leonard
                                        Acting Chief Judge
Keith M. Kiuchi,
for Defendant-Counterclaim-             /s/ Karen T. Nakasone
 Third-Party Plaintiff-Appellant.       Associate Judge

Bruce H. Wakuzawa,                      /s/ Sonja M.P. McCullen
for Appellees.                          Associate Judge