**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000724
16-JUN-2021
08:01 AM
Dkt. 85 MO**

NO. CAAP-19-0000724

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
DAVID T. PREBLE, also known as
David Taofiaualii Preble, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1PC990002363 (CR. NO. 99-2363))


MEMORANDUM OPINION
(By: Ginoza, C.J., and Hiraoka, and Wadsworth, JJ.)

Defendant-Appellant David T. Preble, also known as
David Taofiaualii Preble (**Preble**), appeals from the Third Amended
Judgment of Conviction and Sentence (**Third Amended Judgment**),
entered on September 24, 2019, in the Circuit Court of the First
Circuit (**circuit court**).[1/]

After Preble was convicted, sentenced, and exhausted
his appeals, he filed a petition for post-conviction relief
pursuant to Hawai'i Rules of Penal Procedure (**HRPP**) Rule 40.  He
later amended his petition to contend that his extended-term
sentences were "illegal sentences" under Apprendi v. New Jersey,
530 U.S. 446 (2000).  In June 2018, the Hawai'i Supreme Court
vacated Preble's extended-term sentences, ruling that they were
imposed in an illegal manner because a judge, rather than a jury,
made the required finding that Preble's extended-term sentences
were necessary for protection of the public.  Preble v. State,
No. SCWC-14-0000531, 2018 WL 3203435, at *1-2 (Haw. June 29,

---

[1/]     The Honorable Edward H. Kubo, Jr. presided.

2018) (**2018 SDO**).  On remand, the circuit court resentenced Preble on the multiple counts for which he was convicted, and he now appeals the new sentence.

In this appeal, Preble contends that the circuit court erred in imposing consecutive rather than concurrent sentences on remand because:  (1) concurrent terms were the law of the case; (2) reconsideration of the issue of consecutive terms was a violation of Preble's right to due process and trial by jury; (3) Plaintiff-Appellee State of Hawaiʻi (**State**) waived the issue of consecutive sentences; and (4) consecutive terms of imprisonment should not be imposed without supporting findings by a jury. Additionally, in his reply brief, Preble argues in the alternative that this case should be remanded for a recalculation of credit for time served pursuant to the supreme court's recent decision in State v. Thompson, No. SCWC-17-0000427, 2020 WL 2846618 (Haw. June 1, 2020) (SDO).[2]

For the reasons set forth below, we vacate the Third Amended Judgment solely as to the resentencing imposed therein, and remand for further resentencing proceedings, including an accurate calculation of Preble's credit for time served, consistent with this Memorandum Opinion and Thompson.

## I. Background

This case has a long history, which is described in detail in the supreme court's 2018 SDO and our 2017 decision, Preble v. State, No. CAAP-14-0000531, 2017 WL 1050339, at *1 (Haw. App. Mar. 17, 2017) (**2017 SDO**) (vacated in part by the 2018 SDO).

In brief, a jury found Preble guilty in 2001 of eleven counts of sexually assaulting three sisters, when each was under the age of fourteen.[3]  Preble was convicted of three counts of

---

[2]    On April 27, 2021, this court entered an order permitting the parties each to file, within 20 days of the date of the order, a supplemental brief addressing the import of the Thompson decision to this appeal.  Preble and the State filed their respective supplemental briefs on May 16 and May 17, 2021, respectively.

[3]    In two prior trials, the jury was unable to reach a unanimous verdict.

first-degree sexual assault, in violation of Hawaii Revised Statutes (**HRS**) § 707-730(1)(b) (1993) (a class A felony), and eight counts of third-degree sexual assault, in violation of HRS § 707-732(1)(b) (1993) (a class C felony).

As we described in the 2017 SDO:

> [The State] moved for extended terms of imprisonment on the ground that Preble was a multiple offender whose commitment for extended terms was necessary for protection of the public. The Circuit Court granted the motion, finding, among other things, that extended terms for the protection of the public were warranted because Preble's assaultive behavior had continued unabated for twenty years from the time he was a juvenile; there was documented evidence of his methamphetamine use; and his assaultive behavior was of an extreme nature and included a 1991 conviction for second-degree robbery, which involved his beating of a 73-year-old man, and his sexual assault of three minor girls under the age of fourteen in the pending case.

Preble, 2017 WL 1050339, at *1 (footnote omitted). The circuit court sentenced Preble to a term of twenty years, extended to life with the possibility of parole, for each of the class A felony convictions, and a term of five years, extended to ten years, for each of the class C felony convictions. Id. The circuit court "ran these terms concurrently with each other, but consecutively to the ten-year term for second-degree robbery that Preble was still serving."[4/] Id.

We further explained in the 2017 SDO:

> The Circuit Court entered its amended judgment on November 19, 2001, and Preble filed a direct appeal. In a summary disposition order issued on December 3, 2004, this court affirmed the Circuit Court's amended judgment. State v. Preble, No. 24680, 2004 WL 2757909 (Hawaiʻi App. Dec. 3, 2004). In our decision, we addressed and rejected Preble's claims that: (1) the Circuit Court erred in denying his motion to dismiss the indictment for pre-indictment delay; (2) Preble's right to a speedy trial under [HRPP] Rule 48 . . . had been violated; (3) Preble's trial counsel was ineffective for failing to move to dismiss the indictment based on the destruction of evidence favorable to the defense, namely, pubic hair, vaginal swabs, and blood samples taken from one of the complaining witnesses; (4) Preble's trial counsel was ineffective in failing to move to dismiss the indictment based on the statute of limitations; (5) Preble's trial counsel was ineffective for failing to

---

[4/] In 1991, Preble was sentenced to, among other things, five years probation, including a one-year jail term, for the second-degree robbery conviction in Case No. 1PC900001363. On June 16, 1994, Preble's probation was revoked and he was "resentenced to the custody of the Director of the Department of Public Safety for a period of ten (10) years of jail confinement, with credit for time served."

> object to testimony about a purported bad act of Preble; (6) Preble's trial counsel was ineffective in her handling of a medical expert witness for the State; (7) the Circuit Court erred in denying Preble's motion for a bill of particulars; (8) the Circuit Court punished Preble for exercising his right to a trial; and (9) the testimonies of the three complaining witnesses were not credible as a matter of law. Preble, 2004 WL 2757909, at *1-3.
>
> . . . .
>
> On September 26, 2011, Preble filed a "Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody" (**Petition**) pursuant to HRPP Rule 40 . . . . Preble raised the following grounds for relief in his Petition: (1) the State destroyed evidence that could have been exculpatory evidence and thus failed to disclose evidence favorable to the defendant; (2) trial counsel was ineffective for failing to move to dismiss the case based on the destruction of exculpatory evidence; and (3) appellate counsel was ineffective for failing to raise the issue of the destruction of exculpatory evidence on appeal. On November 12, 2013, Preble moved to amend his Petition to add as an additional ground for relief that his extended term sentences were illegal [under Apprendi[5]] because they were based on facts found by a judge, and not a jury. . . .

2017 WL 1050339, at *1-2 (emphasis and footnote added).

On January 30, 2014, the circuit court denied the Petition. Id. at *2. Preble appealed the denial to this court, and on March 17, 2017, we affirmed the circuit court in a summary disposition order. Id. at *1-3. The supreme court accepted Preble's application for writ of certiorari on July 5, 2017. Preble, 2018 WL 3203435, at *1.

On June 29, 2018, the supreme court issued the 2018 SDO vacating Preble's extended-term sentences. Id. at *2. The court concluded that "Preble's extended-term sentences were imposed in an illegal manner," in violation of Apprendi, because a judge, rather than a jury, made the required finding that Preble's extended-term sentences were necessary for protection of the public. Id. The supreme court had recently recognized the applicability of the Apprendi decision to Hawaii's system of extended-term sentencing in Flubacher v. State, 142 Hawaiʻi 109, 414 P.3d 161 (2018). See 2018 WL 3203435, at *1. Accordingly, the court vacated:

---

[5] In Apprendi, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

4

section D of the ICA's Summary Disposition Order, the portion of the ICA's March 31, 2017 Judgment on Appeal solely relating to extended sentences, the circuit court's January 30, 2014 "Order Denying Post-Conviction Relief Without a Hearing" denying Preble's HRPP Rule 40 petition, the portions of the circuit court's "Amended Judgment Guilty Conviction and Sentence" filed on November 19, 2001, solely relating to extended sentences, and the portions of the "Findings of Fact, Conclusions of Law and Order Granting State's Motion for Extended Term of Imprisonment" filed December 6, 2001, solely relating to extended sentences.

2018 WL 3203435, at *2.  The supreme court affirmed this court's summary disposition order and March 31, 2017 Judgment on Appeal as to all other matters, and remanded the case "to the circuit court for further proceedings consistent with this summary disposition order."  Id.

On remand, the circuit court held a jury trial to decide, among other things, whether extended terms of imprisonment were "necessary for the protection of the public[.]" On June 21, 2019, the jury found that the State had not proven beyond a reasonable doubt that extended terms of imprisonment were necessary for the protection of the public.  The circuit court ordered a new presentence investigation report and scheduled the matter for resentencing.

On August 14, 2019, the State filed a motion to sentence Preble as a repeat offender and a motion for consecutive sentencing.  At resentencing on September 23, 2019, the circuit court granted both motions and sentenced Preble to consecutive terms of imprisonment,[6] totaling thirty-five years, with credit

---

[6]    Preble was sentenced to five years imprisonment, with mandatory minimum terms of three years and four months, in counts 1-6 and 15-16 (*i.e.*, the class C felony counts), and twenty years imprisonment, with mandatory minimum terms of six years and eight months, in counts 7, 12, and 13 (*i.e.*, the class A felony counts).  The consecutive terms were ordered as follows:

1.    Counts 1 and 2 (CW [Minor identified as JLR (**JLR**)]) shall be consecutive to Counts 3 to 6 (CW [Minor identified as JPR (**JPR**)]), Counts 7, 12 and 13 (CW [Minor identified as JHR (**JHR**)]) and to Counts 15 and 16 (CW [JHR] extenuating circumstances)

2.    Counts 3 to 6 (CW [JPR]) shall be consecutive to Counts 1 and 2 (CW [JLR]), Counts 7, 12 and 13 (CW JHR) and to Counts 15 and 16 (CW [JHR] extenuating circumstances)

3.    Counts 7, 12 and 13 (CW [JHR]) shall be consecutive to Counts 1 and 2 (CW [JLR]), to Counts 3 to 6 (CW [JPR]), and to Counts 15 and 16 (CW [JHR] extenuating

(continued...)

for time served to be determined by the State Department of Public Safety. On December 18, 2019, the circuit court entered its "Findings of Fact, Conclusion[s] of Law, and Order Granting State's Motion for Consecutive Sentencing" (**FOFs/COLs**).[7]

Preble filed his notice of appeal on October 23, 2019.

## II. Discussion

### A. Law of the Case

Preble contends that the imposition of consecutive sentences was barred by the law of the case, because the Hawaiʻi Supreme Court was "very specific in vacating only the portion of Preble's sentence pertaining to the extended term of

_____

[6] (...continued)
  circumstances)

  4. Because of the extenuating circumstances, namely, the nature of the victimization to [JHR] (i.e., grooming, intimidation, threats, blackmail, lies, and using her to springboard his evil desires on the other 2 sisters), the length of her victimization (3 years), and the degree of sexual and emotional damage done to [JHR], Counts 15 and 16 shall be separated from Counts 7, 12 and 13, and shall also be consecutive to Counts 1 and 2 (CW [JLR]), Counts 3 to 6 (CW [JPR]), and to Counts 7, 12 and 13 (CW [JHR]) because dividing [JHR]'s Counts in this manner will more realistically reflect the seriousness of the offenses committed to her and provide just punishment[.]

The circuit court further ordered that "[t]his case shall run consecutively to any other sentence that [Preble] served."

[7] FOFs/COLs 36 through 39 clarify the structure of the new sentence as follows:

  36. The Court has the discretion to make the punishment fit the crime as well as the needs of the individual defendant in this community. Thus, this Court will impose consecutive sentencing.

  37. The grouping shall be per victim.

  38. Counts 1 & 2, involving JLR, shall run concurrently to each other, but consecutively to Counts 3 through 6 involving JPR. At the time of these offenses, JPR was ten years of age. Counts 7, 12 and 13 shall run concurrently to each other, but consecutively to the aforementioned counts.

  39. Because JHR suffered the most damage and the most prolonged sexual abuse in this matter, and given the grooming that took place, the intimidation, the lies and the deception/blackmail to remain silent, Counts 15 and 16 will be grouped separately and run consecutively to all of the aforementioned counts.

imprisonment" and "[t]he order clearly and distinctly limits any reconsideration of Preble's sentence to the issue of extended terms of imprisonment." (Capitalization altered.) Preble asserts that "[t]he circuit court simply ignored the Supreme Court's order and directions and proceeded to . . . consider a new motion for repeat offender and the issue of consecutive sentences which had never before been raised by the state."[8/] According to Preble, "[t]he circuit court had no discretion [to] reconsider the concurrent terms of imprisonment," which had been determined by the original sentencing judge.

The State, on the other hand, argues that "the Hawaiʻi Supreme Court neither explicitly [n]or implicitly ruled on whether consecutive sentencing was appropriate in this case." According to the State:

> [The supreme court's] legal decision with respect to the sentence in this case was only as to whether extended-term sentencing was legal absent jury found facts. Nor did the trial court previously rule on this issue because at the time that Preble was sentenced it was assumed that extended-term sentencing was available.

Thus, the State asserts, "there was no 'law of the case' to follow" with respect to consecutive-term sentencing. The State further argues that even if the original sentencing judge had declined to apply consecutive terms, "the Hawaiʻi Supreme Court's decision that extended-term sentencing was illegal absent jury found facts and the jury's subsequent determination that an extended-term sentence was not necessary were a fundamental change in the facts that the circuit court could . . . take into account."

The Hawaiʻi Supreme Court has described the law of the case doctrine as follows:

> The law of the case doctrine holds that "a determination of a question of law made by an appellate court in the course of an action becomes the law of the case and may not be disputed by a reopening of the question at a later stage of the litigation." Fought & Co. v. Steel Eng'g & Erection,

---

[8/] Preble does not challenge the circuit court's ruling on the State's motion to sentence Preble as a repeat offender pursuant to HRS 706-606.5. The court concluded that it "w[ould] not disturb" the ruling of the original sentencing judge, which granted the State's original motion to sentence Preble as a repeat offender.

7

> Inc., 87 Hawaiʻi 37, 48-49, 951 P.2d 487, 498-99 (1998)
> (citation omitted). "This doctrine applies to issues that
> have been decided either expressly or by necessary
> implication." Id. In other words, "the usual practice of
> courts to refuse to disturb all prior rulings in a
> particular case" is referred to as the "law of the case"
> doctrine. Chun v. Bd. of Trs. of the Emps.' Ret. Sys. of
> State of Hawaii, 92 Hawaiʻi 432, 441, 992 P.2d 127, 136
> (2000) (citations omitted). "Unless cogent reasons support
> the second court's action, any modification of a prior
> ruling of another court of equal and concurrent jurisdiction
> will be deemed an abuse of discretion." Wong v. City & Cty.
> Of Honolulu, 66 Haw. 389, 396, 665 P.2d 157, 162 (1983)
> (emphasis omitted). Consequently, the "law of the case"
> doctrine "does not preclude modification of a prior ruling
> in all instances." Stender v. Vincent, 92 Hawaiʻi 355, 361,
> 992 P.2d 50, 56 (2000).

Hussey v. Say, 139 Hawaiʻi 181, 185, 384 P.3d 1282, 1286 (2016).

In State v. Thompson, this court rejected the defendant's argument that the law of the case doctrine precluded the circuit court from imposing consecutive sentences upon resentencing, where the "original judge had imposed concurrent, not consecutive, sentences." No. CAAP-17-0000427, 2018 WL 4611273, at *6 (Haw. App. Sept. 26, 2018), vacated on other grounds, 2020 WL 2846628 (Haw. June 1, 2020). We reasoned that

> the original sentencing judge concluded that consecutive
> terms were not necessary because [the defendant] had
> received multiple life sentences. When the life sentences
> were set aside, it resulted in a change of fact that
> affected [the defendant's] resentencing that the original
> sentencing judge did not consider.

Id. We concluded "there were cogent reasons to support granting consecutive terms during resentencing." Id.

Here, as an initial matter, the supreme court's 2018 SDO did not preclude the circuit court's imposition of consecutive sentences on remand. The only sentencing issue raised and decided in Preble's previous appeal was whether his extended-term sentences were imposed in an illegal manner because they violated Apprendi, as construed by the supreme court in Flubacher. Accordingly, in concluding that Preble's extended-term sentences were improperly imposed for that reason, the supreme court vacated the relevant decisions of this court and the circuit court "solely relating to extended sentences." Preble, 2018 WL 3203435, at *2. The supreme court thus did not rule on whether consecutive sentencing was appropriate in this case. Absent "a determination of [this] question of law," the

supreme court established no "law of the case" that precluded the circuit court from imposing consecutive sentences on remand. <u>Hussey</u>, 139 Hawaiʻi at 185, 384 P.3d at 1286.

Further, as in <u>Thompson</u>, the original sentencing judge's decision to impose extended terms rather than consecutive terms did not preclude the circuit court from imposing consecutive terms on remand, following the supreme court's 2018 SDO. The original sentencing judge declined to impose consecutive terms[9] based on the implicit premise that extended-term sentencing was legal and available without jury findings. Specifically, during Preble's original sentencing hearing, the circuit court stated in relevant part:

> The court finds that consecutive sentencing in this case with respect to each of the counts is nonsensical because it totals up to one hundred 40 years.
>
> And the life sentence in itself is more reasonable under the circumstances.
>
> So with respect to counts 7, 12 and 13, based on the evidence that all offenses the defendant has committed are against people, the court finds that defendant is a danger to the public and extends to life terms[.] [I]n counts 1 to 6 and counts l5 and

---

[9] While the State had not sought consecutive-term sentencing, defense counsel argued in part as follows during Preble's sentencing hearing:

> Essentially, Your Honor, it's our position that the Court did not necessarily have to impose the extended term because the Court was well aware, if the Court wants to implement a term of incarcer[a]tion for Mr. Preble, it has as its option to essentially what would amount to a life term. In any event, by sentencing him to a consecutive term.
>
> Apparently, he's been convicted of three Class A felonies. Plus, he has a number of Class C, and the Court knows that you can impose a consecutive sentence on this which would equal [a] hundred years.
>
> THE COURT: State has not asked for consecutive term.
>
> [DEFENSE COUNSEL]: Your honor, State doesn't have to ask for consecutive for the Court to impose that sentence, seems to me.
>
> . . . .
>
> . . . Because if you are inclined to give him life, you have at your option imposing a consecutive term. I am not advocating the Court do that. I am essentially advocating that the imposition of an extended term is not necessary.

> 16[,] [t]hose are also offenses against people and the court extends the terms to ten years.

When these extended terms, including the life sentences, were later set aside, and the jury on remand found that the State had not proven that extended terms were necessary for protection of the public, the circuit court faced changed circumstances, i.e., the fact that extended sentencing was not available. In these new circumstances, as in Thompson, there were cogent reasons for the circuit court to consider imposing consecutive terms upon resentencing.

In particular, the circuit court made the following findings and conclusions, among others, supporting its decision to impose consecutive terms:

> 29. Under the circumstances, given the gross and vicious nature of this case and the uncaring, devilish and damaged character of the defendant, it is clear that a twenty year sentence is nowhere near sufficient.

> 30. A twenty year sentence is nowhere near sufficient to reflect the seriousness of the instant offenses, promote respect for the law, provide just punishment in this case or provide both specific and general deterrence to this type of criminal conduct.

> 31. Imposition of consecutive terms is necessary for the protection of the public from further crimes of the Defendant.

> . . . .

> 35. The Court has evaluated and considered the kinds of sentences that are available to address this case, and it has also a need to avoid unwarranted sentencing disparities with other defendants with similar records who have been convicted of similar conduct all the while acknowledging that this is one of the worst child sexual abuse cases the Court has seen with no remorse on the part of the Defendant. This diminishes the likelihood of successful rehabilitation and only increases the chance of him doing this act again in the future.

> . . . .

> 40. Defendant's continued refusal to undergo therapeutic rehabilitation for his sexual deviancy increases the likelihood of recidivism to such an extent that it becomes a very important factor for this Court now undertaking a change in direction from the prior judge.

Given the changed circumstances upon resentencing, and the facts found by the circuit court, we conclude that the law of the case doctrine did not bar the imposition of consecutive sentences. See Wong, 66 Haw. at 396, 665 P.2d at 162; Thompson, 2018 WL 4611273, at *6. However, for the reasons discussed in

10

Section D below, it was error for the circuit court to impose the new sentences without an accurate calculation of appropriate credit for time served as set forth in Thompson.

**B.   Due Process and Trial by Jury**

Because Preble's second and fourth points of error assert violations of his constitutional rights to due process and trial by jury, we consider these points together.

In his fourth point of error, Preble contends that the "imposition of consecutive terms of imprisonment by a judge without supporting jury findings of fact is a denial of his rights to trial by jury and due process as guaranteed by Article I, Section 5 and 14 of the Hawaii State Constitution."  We reject this argument for the reasons discussed in State v. Amaral, Nos. CAAP-19-0000487, CAAP-19-0000488, and CAAP-19-0000489, 2020 WL 3397962, at *3 (Haw. App. June 19, 2020), and Thompson, 2018 WL 4611273, at *4-5.

In brief, the United States Supreme Court in Oregon v. Ice, 555 U.S. 160, 167-68 (2009), and the Hawaiʻi Supreme Court in State v. Kahapea, 111 Hawaiʻi 267, 279-80, 141 P.3d 440, 452-53 (2006), have held that Apprendi does not apply to the determination of consecutive sentences.  "As noted in Kahapea, Apprendi does not apply to a sentencing judge's fact finding to impose consecutive sentences under [HRS] § 706-668.5 (1993), which entails consideration of the factors set forth in HRS § 706-606 (1993)."  Amaral, 2020 WL 3397962, at *3.  "Although consecutive sentences may lengthen the term of incarceration beyond the statutory maximum for an individual sentence, none of the individual terms of imprisonment exceed the applicable statutory maximum."  Id.  In Kahapea, where the defendant was convicted of five first-degree thefts and sentenced to ten years for each, the Hawaiʻi Supreme Court explained that the sentence of "five ten-year terms running consecutively *is* the statutory maximum[,]" and did not deprive the defendant of his rights under Apprendi.  Id. at 280, 141 P.3d at 453.

Here, as in Kahapea, Preble's consecutive sentences resulted in a term of imprisonment beyond the twenty-year

statutory maximum for one count of sexual assault in the first degree.  See HRS § 706-659 (1993).  However, none of Preble's individual prison terms exceeded the statutory maximum for the offense involved.  Thus, the circuit court's imposition of consecutive prison terms did not deprive Preble of his constitutional right to a trial by jury.

In his second point of error, Preble contends that "reconsideration of the issue of consecutive terms by [the circuit court] was a violation of Preble's right to due process and trial by jury."  (Capitalization altered.)  Preble argues that the issue of whether to impose consecutive or concurrent terms was decided by the original sentencing judge over twenty years ago, resulting in a judgment that was appealed and affirmed, such that the circuit court could not reconsider the imposition of concurrent sentences.

Preble's constitutional challenge to the court's "reconsideration" of consecutive terms suffers from the same defects as his law-of-the-case argument.  Most notably, the original sentencing judge declined to impose consecutive terms based on the premise that extended-term sentencing was legal and available without jury findings, i.e., circumstances that changed with the issuance of the 2018 SDO.  Moreover, on direct appeal of the 2001 amended judgment, this court did not rule on whether concurrent or consecutive sentencing was appropriate.  Similarly, in the 2018 SDO, the supreme court did not rule on the issue of consecutive sentencing.  On remand and resentencing, the circuit court made detailed findings supporting its decision to impose consecutive sentences.  Preble cites no authority supporting his argument that the court's consideration of consecutive terms under these circumstances violates a defendant's rights to due process and trial by jury.

Instead, Preble relies on what he characterizes as "dicta" in State v. Hussein, 122 Hawaiʻi 495, 509, 229 P.3d 313, 327 (2010), supporting his argument that consecutive-term sentencing "may be a ruse to avoid the more burdensome procedure of imposing extended terms and thereby violate a defendant's right to due process[.]"  Preble cites a portion of Hussein that

12

relies in turn on a discussion in the concurring opinion in Kahapea, 111 Hawaiʻi at 285, 141 P.3d at 458.  See Hussein, 112 Hawaiʻi at 508, 229 P.3d at 326.  However, the prevailing law under Ice and Kapahea is that Apprendi does not apply to a trial court's determination of consecutive sentencing.[10/]  See supra.

Accordingly, we conclude that the circuit court's imposition of consecutive prison terms did not violate Preble's constitutional rights to due process and trial by jury.  However, for the reasons discussed in Section D below, it was error for the circuit court to impose the new sentences without an accurate calculation of appropriate credit for time served as set forth in Thompson.

## C.  Waiver

Preble contends that because the State did not raise the issue of consecutive prison terms at Preble's original sentencing, "the State waived the issue of consecutive sentences." (Capitalization altered.)  Neither Preble nor the State cites to any case law supporting their respective contentions regarding waiver.  However, the State argues that "[b]ecause the facts on remand were significantly different from when Preble was originally sentenced, the State has never waived or forfeited any right to ask for consecutive sentencing in this case."

Initially, we note that this is not a situation in which the State waived an issue on appeal because it failed to raise the issue in the trial court, and the trial court did not consider or rule on the issue.  Here, the original sentencing judge appears to have considered imposing consecutive terms in response to Preble's argument during his original sentencing hearing.  Moreover, upon remand pursuant to the 2018 SDO, the State raised the issue of consecutive-term sentencing with the

_____

[10/]  Furthermore, in Hussein, the supreme court held that "henceforth, the circuit court must state its reasons for imposing a consecutive as opposed to a concurrent sentence under HRS § 706-668.5 (Supp. 2008) or HRS § 706-606.5[.]"  122 Hawaiʻi at 498, 229 P.3d at 316 (footnote omitted).  This is precisely what the circuit court did here in imposing consecutive terms upon resentencing.

13

circuit court, which considered the arguments of each side in determining Preble's new sentence, as reflected in the FOFs/COLs. Thus, Preble's argument is that the State was precluded from raising the issue of consecutive-term sentencing in the circuit court on remand because the State did not raise the issue in Preble's original sentencing proceeding. In other words, Preble's position is that in order to preserve the issue of consecutive-term sentencing, the State, at the time of Preble's original sentencing, had to request consecutive terms either **in lieu of** extended terms, or **in addition to** extended terms, potentially resulting in consecutive life terms.

We have found no authority requiring the State to make such a choice in these circumstances in order to preserve the issue of consecutive-term sentencing. It appears that at the time of Preble's original sentencing, the State and the court assumed that extended-term sentencing was available without jury findings, such that the State could reasonably have considered a request for consecutive prison terms as unnecessary. On this record, where the parties and the circuit court faced significantly changed circumstances related to sentencing upon remand, we cannot conclude that the State's decision not to request consecutive prison terms at the time of Preble's original sentencing constituted a waiver of the issue.

## D. Credit for Time Served

In his reply brief, Preble argues for the first time, in the alternative, that if this court does not vacate the Third Amended Judgment and remand the case for entry of a new judgment imposing concurrent terms of imprisonment, the court should remand the case for a "recalculation of credit for time served pursuant to the Supreme Court['s] decision in Thompson[, 2020 WL 2846618, at *2]."[11]

An argument not raised in the opening brief cannot be raised for the first time in a reply brief, and such argument is

---

[11] The supreme court issued its Summary Disposition Order in Thompson after Preble filed his opening brief in this appeal.

14

ordinarily deemed waived.  See State v. Mark, 123 Hawaiʻi 205, 230, 231 P.3d 478, 503 (2010) (citing In re Hawaiian Flour Mills, Inc., 76 Hawaiʻi 1, 14 n.5, 868 P.2d 419, 432 n.5 (1994)); HRAP Rule 28(d) (providing that "[t]he reply brief shall be confined to matters presented in the answering brief").  This waiver is not absolute and is subject to the court's inherent authority to address plain error and without prejudice to an HRPP Rule 40 petition for post-conviction relief in appropriate circumstances.  See Mark, 123 Hawaiʻi at 230, 231 P.3d at 503 (noting that appellate courts may address plain error raised in a reply brief); Briones v. State, 74 Haw. 442, 459-60, 848 P.2d 966, 975 (1993) (explaining that issues of ineffective assistance of both trial and appellate counsel may be raised in a HRPP Rule 40 petition for post-conviction relief, in certain situations).  Accordingly, this court allowed the parties each to file a supplemental brief addressing the import of the Thompson decision to this appeal, which both parties did.  See supra note 2.

In Thompson, the Hawaiʻi Supreme Court ruled in part:

> When the defendant has accrued time served against multiple crimes, the wording of HRS § 706-671(2)[12] suggests that on resentencing for those same crimes, the defendant is entitled to credit against each of those same crimes, rather than only once against the aggregate of the consecutive sentences.

2020 WL 2846618 at *2 (footnote added).  In Thompson, the defendant was sentenced in 2001 to concurrent terms of imprisonment.  Id. at *1.  Upon resentencing in 2017, the circuit court imposed a consecutive sentence comprising four elements: three twenty-year terms and a single one-year term to be served consecutively, for a total sentence of sixty-one years imprisonment.  Id.  "The circuit court indicated that [the defendant's] credit for time served under his 2001 sentence would be applied only once against the first of his three consecutive twenty-year terms," rather than to each of the offenses

---

[12]    Under HRS § 706-671(2), "[w]hen a judgment of conviction or a sentence is vacated and a new sentence is thereafter imposed upon the defendant for the same crime, the period of detention and imprisonment theretofore served shall be deducted from the minimum and maximum terms of the new sentence."

comprising his 2017 resentence. <u>Id.</u> The supreme court ruled that "[a]bsent credit for time already served on each count of his 2001 sentence, [the defendant] would be subjected to unconstitutional 'multiple punishments' for the same offense." <u>Id.</u> at *3 (quoting <u>State v. Taparra</u>, 82 Hawaiʻi 83, 89, 919 P.2d 995, 1001 (App. 1996)). The supreme court thus vacated this court's judgment, which had affirmed the circuit court, and remanded the case to the circuit court "for an accurate calculation of [the defendant's] credit for time served." <u>Id.</u> at *4.

Here, upon resentencing in 2019, the circuit court did not indicate Preble's credit for time served under his original 2001 sentence, instead concluding that "[c]redit for time served shall be determined by the Department of Public Safety [**DPS**]." Acknowledging this aspect of the resentencing, the State asserts in its supplemental brief:

> It is not clear from the record exactly how much credit for time served is due to Preble and how the Department of Public Safety is applying that credit for time served. The State would merely suggest that this is an issue that is more appropriately decided at the trial court level where the record can be supplemented if necessary. If Preble believes that credit for time served is not being applied as the Hawaiʻi Supreme Court explained in [<u>Thompson,</u>] then Preble should be free to raise that before the trial court on remand. However, the State respectfully requests this court to affirm Preble's consecutive sentences.

Preble, on the other hand, contends in his supplemental brief:

> [A]t the time of resentencing, September 24, 2019, Preble had completely served his maximum terms of imprisonment for all of his Class C felonies and had served either 19 years 6 months and 22 days or 19 years 9 months and 13 days, depending on whether or not he is given credit for the period between July 27, 2001 and October 16, 2001 on **each** of his three Class A felonies. Thus, Preble had not less than 5 months and 8 days remaining to be served on his Class A felonies.
>
> . . . .
>
> . . . [A]ssuming [the Class A felonies] were all to be served consecutively with each other, Preble served his maximum terms of imprisonment on all Class A felonies not later than August 17, 2020.

(Capitalization altered.)

16

The record does not contain all of the facts supporting Preble's calculations of credit for time served. In addition, neither Preble nor the State cites any part of the record reflecting DPS's determination of Preble's credit for time served. Having reviewed the record, we cannot discern precisely how much time Preble has served on his original sentence. But this much is clear from the record: Preble's original 2001 sentence included concurrent five-year terms, extended to concurrent ten-year terms, for each of the eight Class C felony convictions, and concurrent twenty-year terms, extended to concurrent life terms, for each of the three Class A felony convictions. Those concurrent terms were to be served consecutively to the 10-year term (with credit for time served) that was imposed in 1994 for Preble's second-degree robbery conviction. See supra note 6. Given the passage of time, it appears that Preble had been imprisoned in the current case for a substantial number of years when he was resentenced in 2019. Under Thompson, Preble must be given credit for time served on each count of his 2001 sentence, including counts he had fully served. See 2020 WL 2846618 at *3; see also State v. Johnson, 68 Haw. 292, 297, 711 P.2d 1295, 1299 (1985) ("Without express legislative authority, the court cannot delegate the sentencing function to another person or entity.")

Because under Thompson, the circuit court's error in failing to calculate credit for time served affected Preble's substantial rights, i.e., his constitutional guarantee against multiple punishments for the same offense, we exercise our discretion to review for plain error. See HRPP Rule 52(b); State v. Ui, 142 Hawaiʻi 287, 298, 418 P.3d 628, 639 (2018). Applying the supreme court's Thompson decision, we conclude that the circuit court plainly erred.

### III. Conclusion

For the reasons discussed above, we vacate the Third Amended Judgment of Conviction and Sentence, entered on September 24, 2019, in the Circuit Court of the First Circuit, solely as to the resentencing of Preble, and remand for further

17

resentencing proceedings, including an accurate calculation of Preble's credit for time served, consistent with this Memorandum Opinion and <u>Thompson</u>.

DATED:  Honolulu, Hawaiʻi, June 16, 2021.


On the briefs:

Nelson W.S. Goo
for Defendant-Appellant.


Brian R. Vincent,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge


/s/ Keith K. Hiraoka
Associate Judge


/s/ Clyde J. Wadsworth
Associate Judge