CHARLES ALLEN LOTHSPEICH and DOROTHY M. LOTH-SPEICH, Plaintiffs-Appellees, *v.* BERT SAM FONG, PRIM-ROSE SAM FONG, and BANK OF HAWAII, Defendants, and BERT SAM FONG and PRIMROSE SAM FONG, Third-Party Plaintiffs, *v.* LORENZO DELA CRUZ, JOSEFINA DELA CRUZ, REYNANTE TAGORDA, ANTONIO CAMCAM, and JOHN DOES 1-10, Third-Party Defendants, and ROY Y. YEM-PUKU, Appellant

(CIVIL NO. 6097(2))

LORENZO DELA CRUZ and JOSEFINA DELA CRUZ, Plaintiffs, *v.* SECURITY TITLE CORPORATION, a Hawaii corporation, BERT SAM FONG and PRIMROSE SAM FONG, Defendants, and BERT SAM FONG and PRIMROSE SAM FONG, Third-Party Plaintiffs, *v.* REYNANTE TAGORDA, ANTONIO CAM-CAM, and JOHN DOES 1-10, Third-Party Defendants

(CIVIL NO. 6180(2))

NO. 9978

NOVEMBER 20, 1985

BURNS, C.J., HEEN AND TANAKA, JJ.

120

OPINION OF THE COURT BY HEEN, J.

Defendants' counsel, Roy Y. Yempuku (Yempuku), appeals the lower court's order that he pay to Plaintiffs their deposition expenses of $117.02 and attorney's fees of $1,000.[1] We find error and vacate the order.

This case began as an action to foreclose an agreement of sale of real property between Plaintiffs as sellers and Defendants Bert Sam Fong (Bert) and Primrose Sam Fong (collectively Defendants) as buyers.[2] In the course of the proceedings Plaintiffs, having learned that Defendants owned a quantity of silver, moved for a writ of attachment against the silver and for setting of the bond amount. Defendants opposed the motion and a hearing was held on December 29, 1983, where Yempuku disclosed that the silver had been sold. When Plaintiffs thereupon attempted to get more information from Bert about the silver, Yempuku objected and argued that Plaintiffs should get that information by deposing Bert. The trial court orally denied the motion for writ of attachment as moot and the hearing was adjourned. The written order resulting from the December 29 hearing was filed on January 11, 1984. Although the order disposed of several other motions, it said nothing about the motion for attachment. However, it set bond on the attachment in the amount of $31,500.

On December 30, 1983, Plaintiffs served notice on Bert that they would take his deposition, and Bert promptly filed a motion for protective order arguing, *inter alia,* that Plaintiffs were merely seeking general information regarding his assets. In a January 5, 1984, telephone conference hearing on the motion for protective order, the trial judge ruled that Plaintiffs had "the right to inquire into the assets." The written order was not filed until January 17, 1984, five days after the deposition.

At the deposition held on January 12, 1984, Bert initially answered some questions about the silver. Thereafter, however, Yempuku refused to allow Bert to give any more information regarding his assets. The pertinent reason for his refusal was that the information was irrelevant.

---

[1]The trial court's sanction order is appealable as a collateral order. *Chuck v. St. Paul Fire and Marine Insurance Co.,* 61 Haw. 552, 606 P.2d 1320 (1980).

[2]The action included other defendants and third-party defendants, and was consolidated with another case. The other parties are not pertinent to the appeal.

On February 15, 1984, Plaintiffs moved the lower court to take the following actions:

(1) Strike Defendants' answer and counterclaim, citing Rule 37(b)(2)(C) and (D), Hawaii Rules of Civil Procedure (HRCP) (1981); or

(2) Issue an order authorizing examination of Defendants as to property owned by them, citing Hawaii Revised Statutes (HRS) § 651-12 (1976); or

(3) Issue an order compelling Defendants to make discovery under Rule 37(a), HRCP; and

(4) Award expenses of $117.02 and attorney's fees of $1,000 to be paid by Yempuku.

On April 27, 1984, the trial court ordered Yempuku to pay the attorney's fees and the expenses, but did not rule on Plaintiffs' other requests, since the case was settled. Yempuku's appeal was timely filed.

### ISSUES

We are troubled with this case, because the record is in such a state that it is difficult for us to determine the basis upon which Plaintiffs and the court acted in requesting and imposing sanctions.

For example, when Plaintiffs' motion for writ of attachment was heard the court orally denied the motion, and no writ of attachment was ever issued pursuant to that motion, although the January 11, 1984 order set the amount of the attachment bond. Thereafter, at the hearing on Defendants' motion for protective order, the trial judge found that Defendants' assets were relevant and allowed the deposition to proceed. However, we do not know whether Plaintiffs were proceeding under the HRCP discovery rules or under HRS § 651-12. Moreover, the written order holding that Plaintiffs could inquire about "the assets of Bert Sam Fong[,]" was not filed until January 17, 1984, after the deposition was held and Yempuku had directed his client not to answer the questions regarding his assets.

We state the issues on appeal to be: whether Plaintiffs were entitled to the information on Defendants' assets under (1) either HRS § 651-12 or (2) the HRCP discovery rules; and (3) whether the lower court abused its discretion in imposing sanctions against Yempuku under Rule 37(b).

We hold that Plaintiffs were not entitled to the information under either HRS § 651-12 or the HRCP discovery rules, and the lower court abused its discretion in ordering sanctions against Yempuku. It is clear from the record that Plaintiffs had embarked upon a general asset

search prior to judgment without justification either under HRS § 651-12 or the discovery rules, and Yempuku was "substantially justified" in advising his client to resist discovery. Rule 37(b)(2).

## ATTACHMENT STATUTE

Under HRS § 651-12, a defendant may be required to appear in court and testify on his assets where it "appears by the affidavit of the plaintiff or by the return of the attachment that no property is known to the plaintiff or officer on which the attachment can be executed, or not enough to satisfy the plaintiff's claim[.]"

The remedy of attachment is statutory and in derogation of the common law. 6 Am. Jur. 2d *Attachment and Garnishment* § 9 (1963). The requirements of the statute must be complied with to make the attachment effective. *Id.* at § 252.

Here, Plaintiffs were first required to obtain a writ of attachment and have the officer make the proper return as required by the statute, or file an affidavit to the same effect. The statute was not complied with and Plaintiffs could not be authorized to obtain the information they sought on that basis.

## DISCOVERY RULES

A general limitation on the right of discovery is that the information sought must be "relevant to the subject matter involved in the pending action." Rule 26(b)(1), HRCP (1981). Another general rule is that a defendant in a pending action may not be required before judgment to give information concerning his assets, as such information is not relevant to the subject matter. *Ranney-Brown Distributors, Inc. v. Barwick,* 75 F.R.D. 3 (D. Ct. Ohio 1977); 23 Am. Jur. 2d *Depositions and Discovery* § 40 (1983).

Relevancy, within the area of discovery, has a broader meaning than in the field of evidence. 4 Moore's Federal Practice ¶ 26.56[1] (2d ed. 1984). Information can be discoverable as relevant if it is admissible at trial or is reasonably calculated to lead to the discovery of admissible evidence. *Id.;* R. Johnston, *Discovery in Illinois and Federal Courts,* 15 John Marshall L. Rev. 1 (1982). Such information may be obtained by deposition; however, depositions are properly taken only for the purpose of preparing for trial or obtaining evidence for use in a pending action. They should not be taken for collateral purposes. 4 Moore's,

*supra,* ¶ 26.54.

Our examination of the record convinces us that Bert's deposition was being taken for a collateral purpose, to discover assets, and not in preparation for trial. The circumstances leading to the oral ruling of January 5, 1984, indicate that the real purpose of the inquiry was to find assets to ensure payment of any deficiency money judgment arising from the foreclosure. The information was not admissible at trial, *see Ranney-Brown Distributors, Inc., supra,* and was not calculated to lead to the discovery of admissible evidence. Plaintiffs' argument that the inquiry could have led to information supporting an action for recovery of assets transferred in fraud of creditors is without merit. This was not such an action and the information was not relevant to the subject matter of this action.

## RULE 37(b), HRCP

The order imposing sanctions was prepared by Plaintiffs' counsel and cited Rule 37(b)(2) as the basis for the order. Rule 37(b)(2) provides that sanctions may be imposed by the court against a deponent, or the attorney advising him, who does not comply with an order to permit or provide discovery, including one issued under Rule 37(a). The sanctions include, *inter alia,* reasonable expenses, including attorney's fees. However, the court may not award expenses and attorney's fees where the failure to comply was substantially justified or that other circumstances make such an award unjust.

The circuit court is given broad discretion in determining the sanctions to be imposed pursuant to Rule 37(b)(2). *Wong v. City and County of Honolulu,* 66 Haw. 389, 394, 665 P.2d 157, 161 (1983). The test on appeal is whether the circuit court abused its discretion in imposing sanctions against Yempuku in this case. *See id.*

In an appeal from an order imposing sanctions under Rule 37(b), the appellate court will consider the propriety of the underlying discovery order. 8 Wright and Miller, Federal Practice and Procedure: *Civil* § 2289 (1970); *United Nuclear Corp. v. General Atomic Co.,* 96 N.M. 155, 629 P.2d 231 (1980), *appeal dismissed,* 451 U.S. 901, 101 S.Ct. 1966, 68 L.Ed.2d 289 (1981), *distinguished on other grounds,* 656 P.2d 238, 239 (1982). In the instant case, the underlying order was the oral ruling of January 5, 1984, that the inquiry into Defendants' assets was relevant, which led to the denial of Defendants' motion for protective order.

We note first that, although the order had not been entered in written form at the time of Bert's deposition, Defendants and Yempuku were fully aware of the court's ruling. In those circumstances, the oral ruling was a sufficient basis upon which to seek sanctions from the court, although a written order is normally required. *See Tamari v. Bache & Co. (Lebanon) S.A.L.,* 729 F.2d 469 (7th Cir. 1984); *United States v. Westinghouse Electric Corp.,* 648 F.2d 642 (9th Cir. 1981). However, on the basis of the above discussion of the relevancy of the information sought, we hold that the order was not authorized under the discovery rules. Consequently, Yempuku's actions were substantially justified.

Whether or not opposition to a discovery order and a Rule 37(b) motion is "substantially justified" depends on the circumstances of each case. *Liew v. Breen,* 640 F.2d 1046 (9th Cir. 1981); 4A Moore's Federal Practice ¶ 37.02[10] (2d ed. 1984). A good faith dispute concerning a discovery question can, in a proper case, constitute "substantial justification" for refusing to give discovery. We are convinced that there was a good faith dispute concerning the relevancy of the information sought by Plaintiffs and Yempuku was justified in resisting the deposition and the order.

Notwithstanding our ruling, we deem it necessary to point out that we deplore Yempuku's tactics during the events leading up to the deposition. When Plaintiffs filed their motion for writ of attachment and setting of bond, he resisted the motion and forced a court hearing on the issue, even though he knew, at least on the day of the hearing, that the silver had been sold. In the course of that hearing, he argued vehemently about the amount of the bond, which the attorneys and the court felt should be related to the value of the silver, even though he knew the silver had been sold. As the lower court stated, he wasted everybody's time. Certainly, had he merely informed the court and opposing counsel of the facts, a hearing on the attachment might have been avoided. Moreover, that would have made the issues clearer for the court and opposing counsel so that the basis of the court's order could have been made more precise.

The order imposing sanctions is vacated.

*Timothy Jaress (William L. Goo* with him on the briefs) for appellant Roy Y. Yempuku.

*Dennis Niles (William M. McKeon* with him on the brief; *Paul, Johnson & Alston* of counsel) for plaintiffs-appellees Charles Allen and Dorothy M. Lothspeich.