**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000382**
**29-APR-2022**
**08:11 AM**
**Dkt. 173 SO**

NO. CAAP-17-0000382

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DANA NAONE HALL, Plaintiff-Appellant, v. DEPARTMENT OF
LAND AND NATURAL RESOURCES, BOARD OF LAND AND
NATURAL RESOURCES, SUZANNE CASE, in her official
capacity as Chairperson of the Board of Land and
Natural Resources and as the State Historic
Preservation Officer, ALAN S. DOWNER, in his
official capacity as Administrator of the State
Historic Preservation Division, DEPARTMENT OF
HEALTH, ELIZABETH A. CHAR, in her official
capacity as the Director of the Department of
Health,[1] ALVIN T. ONAKA, in his official capacity
as State Registrar of Vital Statistics and Chief
of the Department of Health's Office of Health
Status Monitoring, KAWAIAHAʻO CHURCH, ARTHUR AIU,
in his official capacity as the Chair of the Board
of Trustees and Chair of the Board of Directors of
Kawaiahaʻo Church, Defendants-Appellees, and
HIRATA AND ASSOCIATES, INC., and CON C. TRUONG,
Real-Parties-In-Interest/Appellees, and JOHN DOES
1-10; JANE DOES 1-10; and DOE PARTNERSHIPS,
CORPORATIONS, TRUSTS, GOVERNMENTAL UNITS OR OTHER
ENTITIES 3-20, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC091001828)

---

[1] Pursuant to Hawaii Rules of Evidence Rule 201 and Hawaiʻi Rules of
Appellate Procedure (**HRAP**) Rule 43(c)(1), we take judicial notice that
Elizabeth A. Char is the current Director of the Department of Health for the
State of Hawaiʻi and she is automatically substituted as a Defendant-Appellee
in place of Virginia Pressler.

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, McCullen, J.,
and Circuit Court Judge Tonaki,
in place of Ginoza, Chief Judge, Hiraoka, Wadsworth,
and Nakasone, JJ., recused)

Plaintiff-Appellant Dana Naone Hall (**Hall**), represented by the Native Hawaiian Legal Corporation (**NHLC**), appeals from the Circuit Court of the First Circuit's (**Circuit Court**)[2] (1) February 27, 2017 order granting a motion for protective order and sanctioning NHLC, and (2) April 3, 2017 order granting attorneys' fees and costs, and reasonable expenses, related to litigating the motion for protective order [hereinafter **Sanction Orders**].[3] We affirm.

## I. BACKGROUND

This appeal arises from long-standing litigation related to the construction of Kawaiahaʻo Church's (**Church**) planned Multi-Purpose Center **(MPC)**. Hall v. Dep't of Land & Nat. Res., 128 Hawaiʻi 455, 458–63, 290 P.3d 525, 528–33 (App. 2012). Due to the voluminous record, we reiterate only the background pertinent to resolving this appeal.

---

[2] The Honorable Karen T. Nakasone presided.

[3] The title of the February 27, 2017 order was "Order Granting Defendants Kawaiahaʻo Church and Arthur Aiu, in his official capacity as the Chair of the Board of Trustees and Chair of the Board of Directors of Kawaiahaʻo Church's Motion for Protective Order and/or Motion to Quash Subpoenas[.]" (Some formatting altered.)

The title of the April 3, 2017 order was "Order Granting Defendants Kawaiahaʻo Church and Arthur Aiu, in his official capacity as the Chair of the Board of Trustees and Chair of the Board of Directors of Kawaiahaʻo Church's Attorneys' Fees and Costs and Hirata & Associates, Inc., and Con C. Truong's Reasonable Expenses Re: Defendants Kawaiahaʻo Church and Arthur Aiu, in his official capacity as the Chair of the Board of Trustees and Chair of the Board of Directors of Kawaiahaʻo Church's Motion for Protective Order and/or Motion to Quash Supboenas." (Some formatting altered.)

In Hall's reply to Kawaiahaʻo Church's answering brief, she states that "the scope of this appeal is, and always has been, limited to seeking the reversal of the Circuit Court's erroneous decision to sanction Hall's attorneys."

## A.   The Hall Case - Motion To Amend

In October 2011, Hall moved to amend her Second Amended Complaint to add two substantive claims - violation of Hawaii Revised Statutes (**HRS**) chapter 441 and violation of the disinterment permit.  Regarding the first proposed amendment, violation of HRS chapter 441, Hall asserted that "if the area where the [MPC] is proposed to be built is a cemetery, then it must be used exclusively for cemetery purposes until the dedication is removed pursuant to HRS chapter 441 including HRS § 441-15."  Regarding the second proposed amendment, violation of the disinterment permit, Hall asserted the "Church has not (a) consulted with any known descendents [sic] regarded [sic] ongoing trenching and infrastructure work[,] (b) provided full disclosure of all burial remains disinterred and regular updates at OIBC meetings[,] and/or (c) relied exclussively [sic] on hand excavation since obtaining the permit."  On November 8, 2011, the Honorable Karl K. Sakamoto (**Judge Sakamoto**) denied Hall's motion as untimely with the discovery deadline approaching.

## B.   The Kaleikini Case - Complaint Filed

Eight days later, on November 16, 2011, NHLC filed a second lawsuit in the circuit court against Church, this time on behalf of Paulette Kaʻanohiokalani Kaleikini (**Kaleikini**).[4]  Like the motion to amend in Hall, Kaleikini claimed a violation of HRS chapter 441 and a violation of the disinterment permit.

Kaleikini asserted that "[b]ecause HRS Chapter 441 requires that cemeteries be used exclusively for cemetery

---

[4]  Paulette Kaʻanohiokalani Kaleikini v. Kawaiahaʻo Church, et al., Civil No. 11-1-2816-11.

purposes until dedication is removed, construction of the [MPC] on top of graves or burials is inconsistent with HRS Chapter 441."  Kaleikini also asserted that "[b]uilding the [MPC] on top of graves or burials violates the conditions of the Department of Health's October 22, 2010 blanket disinterment permit and desecrates graves."  This case was assigned to the Honorable Edwin C. Nacino **(Judge Nacino)**.

## C.    Stays In _Hall_ And _Kaleikini_

In _Hall_, on April 12, 2016, Judge Sakamoto met with counsel in chambers, and according to the court minutes,[5] Judge Sakamoto stated, "pretrial conference is taken off.  Matters are stayed pending the outcome of [Archaeological Inventory Study **(AIS)**] & Review Process."  (Formatting altered.)  Judge Sakamoto then issued a minute order stating, "court sua sponte vacates trial week of 5/23/16 to allow completion of AIS and Review Process[.]"  (Formatting altered.)

In _Kaleikini_, on October 25, 2016, Judge Nacino purportedly held a status conference as indicated by a Status Conference Statement letter sent to Judge Nacino on behalf of the Church where Church presented a letter from its consultant, Con C. Truong **(Truong)**, and raised the construction mitigation issues to protect the excavated portion of the construction site from further erosion and degradation.  On November 16, 2016, Judge Nacino ordered a stay of proceedings and requested both parties meet and confer about the mitigation measures instead of

---

[5]    The record on appeal consists of the trial court record as set out in Rule 4 of the Hawaiʻi Court Record Rules **(HCRR)**.  HRAP Rule 10.  HCRR Rule 4 provides that court minutes are part of the record of each case. HCRR Rule 4(f).

4

litigating the issue. Judge Nacino stated in particular, "[n]o activity whatsoever, other than the settlement conference" and "[t]here's no discovery needed, and there's no motions needed, that's not going to be allowed, . . . at this point until settlement conference is had . . . ." Judge Nacino, however, also stated that the parties could file a motion to lift the stay if needed.

**D.    Hall Subpoenas <u>Kaleikini</u> Consultants**

On December 1, 2016, Hall issued subpoenas commanding Church's <u>Kaleikini</u> mitigation consultants, Truong and Greg Kodama (**Kodama**), to appear for depositions on December 16, 2016 at 9:00 a.m. and 1:30 p.m. respectively at NHLC's office. When Hall (represented by NHLC) issued these subpoenas, Kaleikini (also represented by NHLC) and Church were negotiating a meet and confer regarding the erosion mitigation issues as ordered by Judge Nacino.

One week later on December 8, 2016, according to the court minutes, Judge Sakamoto held a status conference and lifted the April 12, 2016 stay noting that the "stay was not meant to be [a] permanent stay of the litigation and any such stay is hereby lifted."

**E.    Church's Motion For Protective Order In <u>Hall</u>**

Church filed a Motion for Protective Order with regards to the subpoenas of Truong and Kodama in <u>Hall</u>. Truong and the State of Hawaiʻi, Department of Land and Natural Resources (**DLNR**) joined Church's motion. The Circuit Court in <u>Hall</u>, the Honorable Karen T. Nakasone presiding in place of Judge Sakamoto, granted the motion because the "subpoenas and deposition notices were

improperly issued in this case, for two third-party declarants [Trong and Kodama] who submitted declarations in the [Kaleikini]" case.

The Circuit Court found that these "subpoenaed third-parties [were] not witnesses in this case, nor have they submitted any declaration to this court. Therefore, this discovery is appropriately pursued in the Kaleikini case, and it was improper to attempt to depose the Kaleikini third-party declarants in this Hall case."

The Circuit Court also found that the "erosion mitigation issue was specifically discussed with Judge Nacino in Kaleikini, at a hearing on November 16, 2016," and "[a]t that hearing, Judge Nacino issued a stay, prohibiting any discovery and motions, until a settlement conference could be conducted with another judge." The Circuit Court found that "during the stay period when the Kaleikini parties were attempting to confer regarding the erosion mitigation proposal, as instructed by Judge Nacino, and during this same period while Judge Sakamoto's litigation stay in Hall was still in effect, Plaintiff Hall's counsel unilaterally noticed the depositions at issue" and that "conduct violated the stay orders in both Kaleikini and this Hall case.

The Circuit Court further stated that NHLC failed to conduct themselves in accordance with the Professional Courtesy and Civility Guidelines when "neither [Truong] nor [Kodama], nor the other parties in Hall, were [given prior notice] of the fact that Plaintiff intended to depose these Kaleikini declarants."

6

Finally, the Circuit Court found that the attempted depositions were premature because no motion on the erosion mitigation had yet been filed in either case. "Unless and until a motion is filed putting the issue of erosion mitigation before this Court, any discovery on that issue is premature."

The Circuit Court ruled, the "subpoenas are quashed, and the depositions are prohibited on grounds that they are premature, and filed in the wrong forum." The Circuit Court then imposed sanctions pursuant to Hawaiʻi Rules of Civil Procedures (**HRCP**) Rule 37(a)(4)(A), ordering NHLC to pay "reasonable expenses for this motion, and the two joinders, incurred by movant Defendant Church and DLNR Defendant, and non-parties Hirata & Associates, Inc., and [Trong]." This appeal followed.

## II. DISCUSSION

On appeal, Hall challenges the Circuit Court's discovery sanctions contending that she "was substantially justified in attempting to depose Truong and Kodama" and "the imposition of sanctions is unjust and in contravention of the public interest."[6] The record, however, does not support Hall's contentions.

Once a court issues a protective order, it must order reasonable expenses to the movant unless the opposing party was substantially justified or the award of expenses was unjust:

---

[6] In her points of error, Hall challenges paragraphs 1, 2, and 5-11 of the Protective Order. Rather than addressing the paragraphs individually in the argument section of her brief, Hall incorporates the Circuit Court's findings and conclusions as relevant to her arguments that she was substantially justified and the sanctions were unjust. We address Hall's challenges to paragraphs 1, 2, and 5-11 in a likewise manner.

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was <u>substantially justified</u>, or that other circumstances make an award of expenses <u>unjust</u>.

HRCP Rule 37(a)(4)(A) (emphases added); HRCP Rule 26(c) (regarding protective orders, "[t]he provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion"). Additionally, the trial court is given broad discretion in imposing discovery sanctions, and its decision is reviewed for an abuse of discretion. See <u>Wong v. City & Cnty. of Honolulu</u>, 66 Haw. 389, 394, 665 P.2d 157, 161 (1983).

## A.   Hall's Violation Of The Stay Orders Was Not Substantially Justified

Hall contends that she was substantially justified in subpoenaing Truong and Kodama because (1) their depositions were relevant, (2) she "believed that the Court did not intend to stay discovery" and Judge Sakamoto "allowed the depositions to proceed," (3) she "complied with the Courtesy and Civility Guidelines,"[7] and (4) she was not forum shopping.

### 1.   Relevance

To support her contention that she was substantially justified in issuing the subpoenas, Hall argues that the depositions were directly relevant to her claims to protect burials within the construction site of Church's planned MPC.

---

[7] Hall also contends that she complied with HRCP Rule 30. However, the Circuit Court did not find a violation of HRCP Rule 30, and HRCP Rule 30 does not provide justification for violating a court order staying proceedings.

She claims that under the broad umbrella of relevancy as provided in HRCP Rule 26, she attempted to obtain "evidence immediately relevant to the condition of the burial site and imminent construction plans by the Church."

"A general limitation on the right of discovery is that the information sought must be 'relevant to the subject matter involved in the pending action.'" Lothspeich v. Sam Fong, 6 Haw. App. 118, 122, 711 P.2d 1310, 1314 (1985).

> Relevancy, within the area of discovery, has a broader meaning than in the field of evidence. Information can be discoverable as relevant if it is admissible at trial or is reasonably calculated to lead to the discovery of admissible evidence. Such information may be obtained by deposition; however, depositions are properly taken only for the purpose of preparing for trial or obtaining evidence for use in a pending action.

Id. (citations omitted). HRCP Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." HRCP Rule 26(b)(1).

Both Truong and Kodama were consulting Church on mitigation measures and, under the broad definition of relevancy, could have information that was relevant to Hall's case to the extent it impacted the preservation of the burial site under Count 6, and whether injunctive relief was necessary. However, Hall issued the subpoenas while a stay was in place in her case, as well as in Kaleikini.

In Hall, the April 12, 2016 court minutes state, "Court will stay the matter until the completion of an AIS and the review process successfully" and "matters are stayed pending the outcome of AIS & Review Process." In Kaleikini, Judge Nacino stayed all proceedings on November 16, 2016, and also stated

9

"[t]here's no discovery needed, and there's no motions needed, that's not going to be allowed . . . at this point until settlement conferences is had . . . ."

Notwithstanding these court orders, on December 1, 2016, Hall issued subpoenas to Truong and Kodama, commanding them to appear to testify on December 16, 2016 at 9:00 a.m. and 1:30 p.m. respectively at NHLC's office. Any relevance of Truong's and Kodama's testimonies, however, do not amount to substantial justification for violating the stay orders in both cases. The proper course of action was to file motions to lift the stay orders.

### 2. Belief Discovery Was Permitted

Hall also argues that she "believed that the Court did not intend to stay discovery, though the terms of the stay were not expressly set forth in any order of the Court," and Judge Sakamoto "allowed the depositions to proceed over the same objections" that the Circuit Court "found to be persuasive." Hall asserts that NHLC "should not be sanctioned for proceeding with discovery by a new presiding judge which the prior judge allowed to proceed."

Contrary to Hall's arguments and as previously discussed, the record supports the findings and conclusions that a stay in both Hall and Kaleikini existed at the time Hall issued subpoenas to Truong and Kodama. The court minutes show that Judge Sakamoto imposed a stay in Hall on April 12, 2016. And it was not until seven days after Hall issued the subpoenas, did Judge Sakamoto lift the stay. A reasonable inference from the stay being lifted on December 8, 2016, is that the stay was

indeed in effect when Hall issued the subpoenas on December 1, 2016.

Although the court minutes reflect that Judge Sakamoto did not intend the stay to be permanent, there was no explicit language indicating that discovery was allowed while the stay was in place and there was no express ruling regarding the December 1, 2016 subpoenas.  In sum, the record does not support Hall's contention that Judge Sakamoto allowed the depositions to proceed, and there are no transcripts or filed orders regarding Judge Sakamoto lifting the stay for this Court to review.

### 3.   Civility Guidelines

Hall claims she "complied with the Courtesy and Civility Guidelines" in noticing the depositions of Truong and Kodama.  Hall, however, fails to point to where in the record she consulted opposing counsel or the third-party witnesses prior to issuing the December 1, 2016 subpoenas.

"The Guidelines are not mandatory rules of professional conduct, nor standards of care[,]" but are "offered for guidance of lawyers and for the information of their clients, as well as for reference by the courts."  Guidelines of Professional Courtesy and Civility for Hawaiʻi Lawyers **(Guidelines)** Preamble. Section 1(a) of the Guidelines provides that "a lawyer who manifests professional courtesy and civility . . . [m]akes reasonable efforts to schedule meetings, hearings, and discovery by agreement whenever possible and considers the scheduling interests of opposing counsel, the parties, witnesses, and the court."  See Guidelines Section 1(a).  Section 7(a)(2) of the Guidelines provides that "a lawyer who manifests professional

11

courtesy and civility . . . [a]ccommodates the schedules of opposing counsel and the deponent in scheduling depositions, where it is possible to do so without prejudicing the client's rights."  See id. Section 7(a)(2).

Here, Hall issued subpoenas on December 1, 2016 to both Truong and Kodama, commanding them to appear to testify on December 16, 2016 at 9:00 a.m. and 1:30 p.m. respectively at NHLC's office.  Hall only attempted to make reasonable efforts in scheduling the depositions after there were objections to the December 1, 2016 subpoenas.

Nonetheless, the Circuit Court noted in its order that "[w]hile the civility guidelines are not rules per se, it is a professional code that all lawyers are expected to follow."  The Circuit Court then ruled, "To avoid any issues in the future, these guidelines will now be made mandatory in this case, and any violation thereof, may be sanctioned by this Court."

Thus, the Circuit Court's reference to the Guidelines appears to have been for the purpose of avoiding future disputes, and not as a basis for the sanctions.

### 4.  Forum Shopping

Claiming she did not forum shop, Hall argues that the "Circuit Court was clearly erroneous in determining that 'it was improper to attempt to depose the *Kaleikini* third party declarants in the Hall case.'"  Hall further argues that "[r]egardless of where [her] counsel found out that the MPC project site was eroding and that the Church desired to engage in remedial construction activities, her counsel had a duty to inform her of the change in circumstances and advise her to

12

proceed diligently."  Without citing to legal authority, Hall asserts that she "did not need to wait for the Church to file a motion in this case to conduct discovery."

Again, stay orders were in place in both Hall and Kaleikini on December 1, 2016, the date Hall issued subpoenas commanding Truong and Kodama to appear for depositions.  Forum shopping aside, issuing subpoenas while the stays were in place was a violation of court orders.

In sum, the record does not support Hall's contention that there was substantial justification for issuing subpoenas while stays of the proceedings were in effect.  Thus, based on the record in this case, the Circuit Court did not abuse its discretion by sanctioning NHLC.

**B.    The Sanctions Were Not Unjust**

Hall argues that the imposition of sanctions was unjust, asserting that "[c]ourts have denied an award of costs where the imposition of costs would chill future public interest litigation or where the issues are complex."  Hall, however, fails to demonstrate that the sanctions were disproportionate to the conduct.  And contrary to Hall's argument, there was no chilling effect on public interest litigation.

Here, Hall violated a court order, and NHLC was sanctioned.  Of note, the Circuit Court reduced Church's requested attorneys' fees and costs from $21,439.33 to $5,347.02, and awarded Truong $732.98 for reasonable expenses.  These sanctions were related to litigation surrounding the December 1, 2016 subpoenas, and we cannot conclude that these sanctions were

13

an abuse of discretion.  See Wong, 66 Haw. at 394, 665 P.2d at 161 (applying the abuse of discretion standard to sanctions).

### III.  CONCLUSION

For the foregoing reasons, we affirm the Circuit Court of the First Circuit's February 27, 2017 order granting Church's motion for protective order and April 3, 2017 order granting Church's attorneys' fees and costs and Truong's reasonable expenses.

DATED:  Honolulu, Hawaiʻi, April 29, 2022.

On the briefs:

David Kauila Kopper,
Camille K. Kalama, and
Isaac D. Hall,
for Plaintiff-Appellant.

Marie Manuele Gavigan,
Deputy Attorney General,
for Defendants-Appellees
DEPARTMENT OF LAND AND NATURAL
RESOURCES, BOARD OF LAND AND
NATURAL RESOURCES, SUZANNE CASE
and ALAN S. DOWNER, in their
respective official capacities,
DEPARTMENT OF HEALTH,
ELIZABETH A. CHAR and ALVIN
ONAKA in their respective
official capacities.

Arthur F. Roeca,
Lois H. Yamaguchi, and
Jodie D. Roeca,
(Roeca Luria Shin),
for Defendants-Appellees
KAWAIAHAʻO CHURCH and ARTHUR AIU,
in his official capacity as the
Chair of the Board of Trustees
and Chair of the Board of
Directors of Kawaiahaʻo Church.

Ann H. Aratani
(Chong, Nishimoto, Sia, Nakamura
& Goya),
for Real-Parties-In-Interest-
Appellees HIRATA & ASSOCIATES,
INC., and CON C. TRUONG.

/s/ Katherine G. Leonard
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ John M. Tonaki
Circuit Court Judge